OPINION OF THE JUDGES.

Opinion Filed December 11, 1909.

(105 Pac. 684.)

1. COURTS—Criminal Court of Appeals—Advisory Opinions—Binding Effect. An opinion in response to a requirement of the Governor, as authorized by Snyder's St. sec. 6928, has not the force of an adjudication, and is at most advisory.

2. PARDON—Reprieve Pending Appeal—Power of Governor. Under Snyder's St. sec. 6929, providing that no court or officer other than the Governor can suspend the execution of the judgment of death, unless a writ of error is allowed and taken, a reprieve can only be granted by the Governor pending the perfecting of an appeal in the case, and an order of the trial judge staying the execution of judgment after granting an appeal is without authority; and, where an appeal has been granted, but not filed, in the Criminal Court of Appeals, the Governor may grant a reprieve to a day beyond the time allowed to make, serve. and file a case-made and petition in error.

In response to a communication submitted by the Governor, the following opinion was submitted by DOYLE, JUDGE:

Hon. Chas. N. Haskell, Governor of the State of Oklahoma:

The Criminal Court of Appeals, responding to your official communication of December 8th inst. addressed to this court, accompanied by a statement of the conviction and judgment and a transcript of the testimony, in the case of the State of Oklahoma v. John Black, being case No. 205, in the district court of Hughes county, Okla., wherein said defendant upon his trial was by the verdict of the jury found guilty of murder, and the death penalty assessed, and thereafter, on the 8th day of November, 1909, said defendant was sentenced by the court in accordance with said verdict, to be hanged on the 17th day of December, 1909, with the request that we give an opinion thereon, respectfully submit the following opinion of the judges:

From the record it appears that in compliance with section 6927, Snyder's St., which prescribes:

"The judge of a court at which a conviction requiring a judgment of death is had, must immediately after the conviction, transmit to the Governor, by mail or otherwise, a statement of the conviction and judgment, and of the testimony given at the trial."

—the honorable John Caruthers, presiding judge, transmitted to the Governor of the state of Oklahoma the record and transcript of the testimony in said cause.

Section 6928, Snyder's St., provides that:

"The Governor may thereupon require the opinion of the judges of the Supreme Court (Criminal Court of Appeals), or any of them upon the statement so furnished."

The general and abstract question as to whether or not the foregoing provisions of the law of Oklahoma Territory are repugnant to our state Constitution will not be considered here, as an opinion of this kind has not the force of an adjudication, and is merely persuasive, or, at most, advisory.

Section 6929, Snyder's St., provides as follows:

"No judge, court or officer other than the Governor can reprieve or suspend the execution of a judgment of death, except the sheriff, in the cases provided in the next seven sections, unless a writ of error is allowed and taken."

The next seven sections referred to have no relation to the facts presented by the record before us. By virtue of the foregoing provision, a respite or reprieve can only be granted by the Governor of the state of Oklahoma pending the perfecting of the appeal in said cause to the Criminal Court. of Appeals.

We have examined the records of this court, and find that no appeal has been filed in this court in said cause. The record as transmitted contains the following recital:

"Thereafter on the 12th day of November, 1909, the defendant through his counsel moved for a new trial after a consideration of which was overruled by the court; defendant duly excepted and prayed an appeal to the Criminal Court of Appeals, which said appeal was granted and the defendant was ordered to be committed to the state penitentiary at South McAlester for safe-keeping until the Criminal Court of Appeals should finally determine said cause. Thereafter, on the 4th day of December, 1909, a stay of execution was granted by the judge of this court pending defendant's said appeal. Respectfully submitted this the 4th day of December, 1909. John Caruthers, Judge of the Ninth Judicial District, Hughes County, Oklahoma."

Thus it will be seen that the learned trial judge has ordered a stay of execution pending an appeal. As we view it, under the provision last quoted the order so made staying the execution of judgment was without authority of law. If the appeal had been perfected, the cause would properly be before this court upon a petition in error with authority to review the same upon the assignments of error or to determine upon the whole cause whether the verdict was against the weight of the evidence or contrary to law, and, if upon such review we were of opinion that justice required a new trial, we would reverse the judgment, but the impropriety of an unauthorized expression of opinion by a judge or the judges of this court, especially upon a matter that may subsequently come before the court for adjudication, is obvious. Any opinion expressed in a proceeding of this kind is manifestly extrajudicial. As we view it, the statute contemplates an advisory opinion, where an appeal has not been taken in a capital case, and where the death penalty has been assessed. The proposition

then presented would be, Has there been an observance of all the formalities of law essential to the taking of human life? Or has the trial, conviction, and sentence of death been in accordance with the law of the land? In this case, however, the record recites that the defendant prayed an appeal to this court, and that said appeal was granted, and the defendant was committed to the state penitentiary pending the determination of said appeal. This appeal has not been filed in this court. Under this status of the case, it is apparent that, unless the Governor of the state of Oklahoma in the exercise of the supreme executive power shall grant a respite or reprieve to a day beyond the time allowed by the court to make, serve, and file a "case-made" and "petition in error" in this court, the defendant will be denied his constitutional right to have his trial and conviction reviewed by the Criminal Court of Appeals as the court of last resort in a criminal case in this state.

For the reasons hereinbefore given without considering others, which might be suggested, the judges of the Court of Criminal Appeals of Oklahoma respectfully submit the foregoing opinion with the recommendation that the said defendant John Black be reprieved and respited until Friday, the 14th day of January, 1910, which time we consider amply sufficient to have his appeal, if perfected, properly presented to this court:

All the Judges concur.