## OPINION OF THE JUDGES.

Filed January 5, 1911.

HON. CHARLES N. HASKELL,

Governor of the State of Oklahoma.

The Criminal Court of Appeals, responding to your official communication of December 17th ult., addressed to this court, accompanied by the record and a transcript of the testimony in the case of the state of Oklahoma v. Frank Henson, being case "Number 708 Criminal," in the district court of Tulsa county, Oklahoma, wherein said defendant, Frank Henson, upon his trial was, by the verdict of the jury, found guilty of murder, and the death penalty assessed, and thereafter, on the 3rd day of December, 1910, said defendant was sentenced by the court, in accordance with the verdict, to be hanged on January 27, 1911, with the request that we give an opinion thereon pursuant to section 6928 of Snyder's Statutes.

We hereby respectfully submit the following opinion of the court.

From the record it appears that, in compliance with section 6927 of Snyder's Statutes, which prescribes:

"The judge of a court at which a conviction requiring a judgment of death is had, must, immediately after the conviction, trans-

mit to the Governor, by mail or otherwise, a statement of the conviction and judgment, and of the testimony given at the trial."— Hon. L. M. Poe, presiding judge, transmitted to the Governor of the state of Oklahoma the record and transcript of the testimony in said cause.

We have examined the records of this court and find that no appeal has been filed in this court in said cause. The record as submitted shows that the court allowed only the statutory time, to wit, thirty days, to make and serve a case-made. It is now apparent that no appeal has been taken.

Section 6928, Snyder's Statutes, provides:

"The Governor may thereupon require the opinion of the judges of the Supreme Court (the Criminal Court of Appeals) or any of them upon the statement as furnished."

As we view it, the statute contemplates an advisory opinion, where an appeal has not been taken in a capital case, where the death penalty has been assessed.

"The proposition then presented would be: Has there been an observance of all the formalities of law essential to the taking of human life? Or has the trial, conviction and sentence of death been in accordance with the law of the land?" (*Opinion of the Judges,* 3 Okla. Cr. 315.)

We have carefully examined the record and the transcript of the testimony. The information charges that, on the 9th day of October, 1910, in Tulsa county, the defendant, Frank Henson, did kill and murder Charley Stamper. The facts as disclosed by the evidence, briefly stated, are as follows:

In the town of Dawson, Tulsa county, Oklahoma, on Sunday, October 9, 1910, the defendant, a negro, in a fight with another negro or Indian, fired eight or ten shots. The deceased, Charley Stamper, a deputy sheriff living at Dawson, attempted to arrest the defendant, whereupon defendant, with a forty-five caliber pistol, shot him, the ball shattering his jaw and passing out through his neck, from which wound he died that day. The evidence shows that the defendant, seeing Stamper with several other persons coming toward him, said, in substance: That if

an officer came near him he was going to shoot his damn brains out. All the witnesses testify that when the deceased told the defendant to "consider yourself under arrest," the defendant fired the fatal shot. After the shooting the defendant attempted to escape, and was captured by those present when the shooting occurred. A plea of self-defense was interposed, and the defendant in his own behalf testified that he did not know that Charley Stamper was an officer; that the deceased, with another man, walked up to him and said: "Consider yourself under arrest, young man." And that he told him "all right"; that the deceased then shot him, hitting him on his right leg; that he then pulled his gun and shot the deceased; that the deceased then shot him a second time. The defendant is not corroborated by any person present when the shooting occurred. All the witnesses testify that the deceased shot at the defendant only after the defendant had shot him.

No question requiring discussion is presented in the record. The information correctly charges the crime of murder, and the demurrer thereto was properly overruled. The instructions as given by the court fully and correctly state the law, and are more favorable to the defendant in some particulars than the evidence demands. There can be no doubt as to the sufficiency of the evidence.

The deceased, as an officer in the performance of his duty, attempted to arrest the defendant for a felony committed in his presence. The killing of a peace officer in resisting lawful arrest is not only murder, but is deemed a murder of more than usual aggravation. Thus, it has been said by an author of high authority that:

"Ministers of justice, while in the execution of their offices, are under the peculiar protection of the law. This special protection is founded in great wisdom and equity, and in every principle of political justice. For without it the public tranquility cannot possibly be maintained, or private property secured, nor, in the ordinary course of things, will offenders of any kind be

amenable to justice; and for these reasons the killing of officers so employed hath been deemed murder of malice prepense."

Premeditated design, as well as the motive actuating the defendant to commit the murder, is conclusively shown by the evidence. It was a brutal and deliberate murder, well meriting the extreme penalty assessed by the jury.

We are of the opinion that, by a fair and impartial trial, the defendant has been adjudged to suffer the just penalty of the law.

Opinion by DOYLE, JUDGE.

All the Judges concurring.