# FRANK HEN'SON v. STATE.

No. A-994.   Opinion Filed March 7. 1911.

(114 Pac. 630.)

1.   **INFORMATION—Verification—Sufficiency in Felonies.** A conviction on an information charging a felony by the prosecuting attorney, verified only on information and belief, is not in derogation of the defendant's constitutional guaranty that no warrant shall issue but upon probable cause, supported by oath or affirmation, where the prosecution was in fact predicated on a verified complaint filed before an examining magistrate and the action of that officer in holding for trial in the district court.

2.   **SAME.** In the absence of a statute requiring verification, the prosecuting attorney, acting on his official oath, may present an information charging a felony, where the defendant having had a preliminary examination before an examining magistrate, or having waived such preliminary examination, was held to the district court for trial for the felony charged.

3.   **SAME.** The verification of an information charging a felony is no part of the information itself, and is not an indispensable requisite.

(Syllabus by the Court.)

Appeal *from District Court, Tulsa County; L. M. Poe, Judge.*

Frank Henson was convicted of murder and appeals. Affirmed.

*Deichman & Prentice,* for plaintiff in error.

*Chas. West.* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, JUDGE.   The plaintiff in error, Frank Henson, was informed against, tried, and convicted of the crime of murder.   The homicide is alleged to have been committed in Tulsa county on the 9th day of October, 1910, by killing one Charley Stamper.   Judgment and sentence in accordance with the verdict, assessing the death penalty, was pronounced and rendered on the 3d day of December, 1910.   From which judgment and sentence,

an appeal was perfected by filing in this court on January 13, 1911, a petition in error with case-made attached.

The case comes before this court for a second time.  Just prior to the expiration of his term of office, Hon. Chas. N. Haskell, Governor, in pursuance to section 6928, Snyder's Statutes 1909, requested the opinion of the judges of the Criminal Court of Appeals, and accompanied the request with a statement of the conviction of the defendant, together with the record and a transcript of the testimony taken upon the trial as transmitted to the Governor by the trial judge, and in compliance with section 6927, Snyder's Statutes, the court without notice that an appeal was being taken responded with an opinion of the judges.  4 Okla. Cr. 594, 112 Pac. 948.

A brief view of the facts as established at the trial seems to us to exclude every element of reasonable doubt as to the justice of the judgment herein upon the merits.  In the town of Dawson, Tulsa county, Okla., on Sunday, October 9, 1910, the defendant, a negro, in a fight with another negro or Indian, fired eight or ten shots.  The deceased Charley Stamper, a deputy sheriff living at Dawson, attempted to arrest the defendant, whereupon defendant with a 45-caliber pistol shot him, the ball shattering his jaw, and passing out through his neck, from which wound he died that day.  The evidence shows that the defendant, seeing Stamper with several other persons coming toward him, said, in substance, that, if an officer came near him, he was going to shoot his damn brains out.  All the witnesses testify that, when the deceased told the defendant to "consider yourself under arrest," the defendant fired the fatal shot.  After the shooting, the defendant attempted to escape, and was captured by those present when the shooting occurred.  A plea of self-defense was interposed, and the defendant in his own behalf testified that he did not know that Charley Stamper was an officer; that the deceased, with another man, walked up to him, and said, "Consider yourself under arrest, young man," and that he told him " all right"; that the deceased then

shot him, hitting him on his right leg; that he then pulled his gun and shot the deceased; that the deceased then shot him a second time. The defendant is not corroborated by any person present when the shooting occurred. All the witnesses testify that the deceased shot at the defendant only after the defendant had shot him. There is not a circumstance in the case that is even seemingly corroborative of the defendant's testimony. The trial was eminently fair, the instructions fully, fairly, and correctly state the law, and the few exceptions taken to the rulings of the court upon the trial were without merit.

It is assigned as error:

"That the court erred in overruling the motion to quash the information because the same was not verified as required by law, in that said information is verified on information and belief only, and that the verification of said information is not subscribed by any one."

In support of this assignment several decisions of this court are cited. The cases cited relate to informations charging misdemeanors. In the case of *In re Talley,* 4 Okla. Cr. 398, 112 Pac. 36, Mr. Justice Richardson, delivering the opinion of the court, used the following language:

"That no misunderstanding with respect to the statements made above as to the necessity of the verification of informations may arise, we deem it proper to state, further, that the holding that such requirement exists relates solely to informations charging a misdemeanor. There is no constitutional or statutory requirement in this state that informations charging a felony be verified at all. As to felonies, the constitutional provision for a showing of probable cause supported by oath or affirmation to authorize the arrest and detention of the accused is fully met (1) by the verified complaint filed with the examining magistrate as provided for by section 6577 of Snyder's Comp. Laws; and (2) by the evidence taken under oath in the accused's preliminary examination as required by section 30, art. 2, of the state Constitution, and by his being held to answer by the magistrate, or by the fact that the accused waived such preliminary examination, thereby admitting the existence of probable cause to believe him guilty sufficient to warrant his formal accusation and trial. But

these preliminary proceedings are not required in misdemeanor cases; and for that reason, and also on account of the provisions of section 6644 of Snyder's Comp. Laws, information charging the commission of a misdemeanor must be verified unless verification be waived by the defendant."

The prosecution of felonies by indictment and information have been concurrent remedies since the organization of the state. Both methods require a judicial preliminary investigation, either by a grand jury upon sworn testimony or by a magistrate upon evidence publicly given and in the presence of the accused, with a right on his part to cross-examine and to produce witnesses in his own behalf, if he sees fit to do so. As there was no statute in the laws adopted from Oklahoma Territory which prescribed the mode of procedure by information in the prosecution of felonies in the district courts, and as the appellate courts hold the provision of the Constitution that provides for, and authorizes the prosecution of felonies by information after the accused has had a preliminary examination before an examining magistrate, or having waived such preliminary examination, is self-executing (*In re McNaught*, 1 Okla. Cr. 528, 99 Pac. 241; *Ex parte McNaught*, 1 Okla. Cr. 260, 100 Pac. 27), informations in felony cases are therefore to be tested as near as may be by the statutes regulating indictments.

Section 6705, Snyder's Stat., provides:

"No indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected by reason of a defect or imperfection in the matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits."

The verification is not part of an information charging a felony, and is therefore not an indispensable requisite. The object of such verification is not, as in misdemeanors, for a showing of probable cause supported by oath or affirmation to authorize the arrest of the accused, and it is not for the purpose of evidence, which is to be weighed and passed upon, but only, as we believe, to secure good faith and as a matter of good form in pleading. The record of this case discloses that the defendant had a pre-

liminary examination upon the charge of murder, and that he was held to answer in the district court for the murder of Charley Stamper as charged in the information upon the official oath of the prosecuting attorney, whose duty it was to present and prosecute the formal charge. In addition to this, the information is verified by the prosecuting attorney upon information and belief. It would have been sufficient without verification. However, in the absence of a statute, as a matter of good form and practice, prosecuting attorneys should verify informations in felony cases, at least upon information and belief. We are of the opinion that the motion to quash and set aside the information was properly overruled.

A few exceptions were taken on the trial to the admission of testimony, but the rulings of the court are so clearly correct as to require no consideration here.

Our conclusion is that the defendant had a fair and impartial trial in the manner prescribed by law. The evidence in the case does not admit a shadow of doubt of the defendant's guilt of deliberate murder, and in such cases it is the duty of courts and juries to give the law fixing the extreme penalty effect.

As the day fixed for the execution of the judgment and sentenced has passed, it is ordered that the judge of the district court of Tulsa county execute a warrant in due form of law, cause the same to be attested by the clerk under the seal of the court, and to be delivered to the sheriff of said county commanding said sheriff to execute the defendant, Frank Henson, on Friday, March 31, 1911, in accordance with law and the judgment and sentence of said district court heretofore rendered.

FURMAN, PRESIDING JUDGE, and ARMSTRONG, JUDGE, concur.