## OPINION OF THE JUDGES.

No. A—3748. Opinion Filed April 15, 1920.

(189 Pac. 198.)

(Syllabus.)

1. **COURTS—Death Sentence—Opinion to Governor Before Expiration of Time for Appeal.** An opinion to the Governor in a case
where a defendant has been sentenced to death ought not to be
given when the time for taking an appeal has not expired, and
when defendant has not waived the right to appeal.

2. **PARDON—Death Sentence—Time for Appeal—Power to Reprieve.** Where one convicted of murder and sentenced to death
has obtained permission to take an appeal, and the time allowed
by the court for perfecting an appeal has not expired, the Governor by virtue of Rev. Laws 1910, § 5970, alone can reprieve or
suspend the execution of the judgment beyond the time allowed
by the trial court to perfect the appeal.

Opinion of the judges rendered at the request of the
Governor of the State of Oklahoma.

Hon. J. B. A. Robertson, Governor of the State of Oklahoma:

The judges of the Criminal Court of Appeals, responding to your official communication of the 6th inst., addressed to this court, which presents for the consideration of
the judges of the court a duly certified copy of the record
of the conviction of Levi Young, who was on the 28th day
of February, 1920, by the judgment of the district court
of Greer county, sentenced to suffer death by electrocution,
with the request that we give an opinion thereon, as provided by Proc. Crim., section 5969, Rev. Laws 1910, do
hereby respectfully submit the following opinion of the
judges (per DOYLE, P. J.):

An inspection of the record discloses that the information filed in this case on December 1, 1919, charged Levi
Young with the murder of one Tom Johnson, committed

in Greer county on or about the 11th day of November, 1919, by shooting the said Tom Johnson with a shotgun. The original complaint was filed before the committing magistrate on the 20th day of November, 1919. On the 24th day of November, a preliminary examination was had. At that time the defendant, Levi Young, stated that he did not want to be represented by counsel, and on the evidence adduced by the state the defendant was on said day held to answer for the crime of murder as charged. On December 1st the defendant was arraigned in the district court. It appearing that he was without means to employ counsel, the court appointed two attorneys to defend him. A general demurrer to the information was filed. On said date said demurrer was overruled, to which ruling the defendant excepted and entered a plea of not guilty. Trial commenced on February 18, 1920. On February 20th, the jury returned a verdict against the defendant, Levi Young, finding him guilty of murder and fixing his punishment by death. On February 23d, the defendant filed a motion for new trial. On February 28th, the defendant filed motion in arrest of judgment. On the same day both motions were overruled. On February 28th, the court rendered judgment and sentenced the defendant to suffer death by electrocution. The judgment and warrant fixes the 29th day of April, 1920, as the date for the defendant's execution; this being the sixty-first day from the time of judgment.

The record as submitted shows that the defendant at the time the judgment was pronounced reserved exceptions, and gave notice of his intention to appeal from the judgment and sentence to this court, and the trial court ordered: ·

"Good cause being shown to the court, the defendant is hereby granted 35 days in which to make and serve case·

made herein, and ten days are allowed in which to suggest amendments thereto; such case-made to be signed and set-·' tled in five days."

Thus it appears that the time allowed by the court for perfecting an appeal has not yet expired. In former opinions of the judges the uniform rule stated is that an opinion to the Governor, in a case where a defendant has been sentenced to death, ought not to be given when the time for taking an appeal has not expired, and when the defendant has not waived the right to an appeal.

In *Opinion of the Judges*, 8 Okla. Cr. 467, 128 Pac. 734, Furman, Presiding Judge, used the following language:

"As we understand the law, this provision of the statute contemplates that an advisory opinion of the judges may be given to the Governor, where an appeal has not been taken from a judgment and sentence of death. But we think it would be improper for the judges to express any opinion in ex parte proceedings as to the rights of a defendant which may afterwards be brought before them by appeal, where all parties interested would be represented. To pass upon such questions in advance of an appeal would be to deprive a defendant of his constitutional right to be heard in his own behalf. The time for taking an appeal in this case has not expired, and we have no legal information that the defendant has in any manner waived his right to take an appeal. The fact that the Governor has been informed that no appeal would be taken would in no manner estop the defendant from taking an appeal within the time allowed by law. We cannot consider this as evidence that an appeal will not be taken. It would therefore be improper for us to pass upon this record as now presented."

In *Opinion of the Judges*, 3 Okla. Cr. 315, 105 Pac. 684, it is said:

"If the appeal had been perfected, the cause would properly be before this court upon a petition in error with

authority to review the same upon the assignments of error or to determine upon the whole cause whether the verdict was against the weight of the evidence or contrary to law, and if upon such review we were of opinion that justice required a new trial, we would reverse the judgment, but the impropriety of an unauthorized expression of opinion by a judge or judges of this court, especially upon a matter that may subsequently come before the court for adjudication, is obvious. Any opinion expressed in a proceeding of this kind is manifestly extrajudicial. As we view it the statue contemplates an advisory opinion, where an appeal has not been taken in a capital case, and where the death penalty has been assessed. The proposition then presented would be, has there been an observance of all the formalities of law essential to the taking of human life? Or has the trial, conviction, and sentence of death been in accordance with the law of the land? In this case, however, the record recites that the defendant prayed an appeal to this court, and that said appeal was granted, and the defendant was committed to the state penitentiary pending the determination of said appeal. This appeal has not been filed in this court. Under this status of the case, it is apparent that, unless the Governor of the state of Oklahoma in the exercise of the supreme executive power shall grant a respite or reprieve to a day beyond the time allowed by the court to make, serve, and file a 'case-made' and 'petition in error' in this court, the defendant will be denied his constitutional right to have his trial and conviction reviewed by the Criminal Court of Appeals as the court of last resort in a criminal case in this state."

In *Hutchins v. State,* 13 Okla. Cr. 717, 167 Pac. 338, it is said:

"Under the Constitution and laws of this state, an appeal may be taken by the defendant as a matter of right from a judgment of conviction in a criminal prosecution against him, and he is entitled to have this court review the proceedings had upon his trial and conviction when such

appeal is taken according to law. Every citizen should feel and know that under our Constitution and laws there is no one so rich and powerful as to be above the just penalties of the law, and no one so poor and humble as to be beneath its protection."

In the case of *Noel v. State*, 17 Okla. Cr. —, 177 Pac. 688, opinion handed down this term, it is held:

"The right of appeal is a constitutional right and counsel appointed by the court to defend an indigent defendant fails to fulfill his duty as an attorney when he neglects to take an appeal from a judgment and sentence of death."

And further held:

"It is the duty of courts in the administration of criminal law to see that the accused shall have the benefit of every right which the law secures to him upon his trial, and in a capital case where the defendant by reason of his poverty is unable to employ counsel, and the court appoints counsel to defend him, and the trial results in a judgment and sentence of death, the court should direct such counsel to appeal the case, and to this end it is the duty of the court to order the court clerk to furnish a duly certified transcript of the record, and to order the court reporter to furnish a transcript of the testimony without expense to the defendant."

Our Code of Crim. Proc. section 5970, Rev. Laws 1910, provides as follows:

"No judge, court or officer other than the Governor can reprieve or suspend the execution of a judgment of death, except the sheriff, in the cases provided in the next seven sections, unless a writ of error is allowed and taken."

The next seven sections referred to have no relation to the facts presented by the record before us. By virtue of the foregoing provision, the Governor alone can reprieve or suspend the execution of a judgment of death beyond the

time allowed by the trial court to perfect an appeal to this court, when the appeal has not been taken within the time allowed. *Opinion of the Judges,* 3 Okla. Cr. 315, 105 Pac. 684.

The record transmitted by you to this court is a complete case-made, duly signed, settled, and certified to by the trial judge, and the same has been filed with the court clerk of Greer county, Okla., as required by the law for purposes of taking an appeal from said judgment. All that is required of the defendant to perfect this appeal at this time is to serve the proper notices of appeal upon the court clerk and county attorney of Greer county and file the same with a petition in error attached to the said case-made in this court within six months from the rendition of said judgment. Under the status of the record in this case, it is apparent to the judges of this court that unless an appeal from the judgment of conviction in this case is lodged in this court in time to stay the execution of the judgment and sentence as fixed by the trial court, the Governor of the state of Oklahoma, in the exercise of the supreme executive power, must grant a reprieve, or the defendant will be denied the opportunity to exercise his constitutional right to have his trial and conviction reviewed by this court, as the court of last resort in criminal cases in this state.

For the reasons stated, the judges of the Criminal Court of Appeals of Oklahoma respectfully submit the foregoing opinion with the recommendation that as a matter of right and justice the said defendant, Levi Young, be granted a reprieve until such time as an appeal may be perfected, or until a time beyond the limit of time in which an appeal may be taken, which under the statute is six months from the rendition of the judgment.

ARMSTRONG and MATSON, JJ., concur.