STATE ex rel. MITCHELL, Co. Atty., v. SWINDALL et al.

No. A-5663. Opinion Filed Dec. 1, 1925.
Rehearing Denied Feb. 6, 1926.
(241 Pac. 456.)

Geo. F. Short, Atty. Gen., J. Berry King, Asst. Atty. Gen., Dan Mitchell, Co. Atty., A. L. Zinser, Asst. Co. Atty., and Dyer & Keim, for the State.

McKeever, Moore & Elam, for defendants.

BESSEY, P. J. The state of Oklahoma, on the relation of Dan Mitchell, county attorney of Garfield county, asks this court to issue a writ of prohibition, restraining Charles Swindall and James B. Cullison, judges of the district court within and for Garfield county, from granting a motion of Oscar Leierer, asking leave of said district court to withdraw his plea of guilty to a charge of wife abandonment theretofore entered in said court.

Oscar Leierer was arrested upon a complaint charging him with wife abandonment. The complaint was drawn under the provisions of chapter 78 of the Session Laws of 1923, the second section of which provides:

"That section 1856 of the Compiled Laws of Oklahoma, 1921, be amended to read as follows: 'Every person who shall without good cause abandon his wife in destitute or

necessitous circumstances and neglect and refuse to maintain or provide for her, or who shall abandon his or her minor child or children under the age of fifteen years and willfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment in the state penitentiary for any period of time not less than one year or more than ten years.' "

The section following provides that the warden of the penitentiary shall put the prisoner to work at a wage of $2.50 per day and provides that such wages shall be paid to the wife or other dependent. It is further provided in the same act:

"Upon conviction of any person, under the provisions of this act, the Governor may, before or after sentence, parole said person upon the recommendation of the trial judge in whose court he was convicted, upon said person entering into an undertaking in the form provided by the judge of said court, with two or more good and sufficient sureties. Said sureties shall qualify and make a property statement as provided by law, and the said bond shall be approved by the trial judge before said application is made to the Governor, and a certificate that said bond has been approved by the trial judge shall accompany any application made hereunder. Said bond shall be conditioned that the said convicted person shall within ten days from the first day of each month, pay to the clerk of the court where he was convicted such amount as has been fixed by the court for the support of said wife or child or children, which money shall be paid by the clerk of the court as provided herein for wages at the penitentiary."

H. G. McKeever, attorney for Oscar Leierer, the county attorney, V. P. Crowe, and the trial judge, Charles Swindall, agreed that, if Oscar Leierer would enter his plea of guilty, a judgment should be rendered against him, fixing his punishment at confinement in the penitentiary for a term of two years, and that the trial judge would recommend to the Governor of the state of Oklahoma that the defendant be paroled upon condition that he pay to the

abandoned wife, for a period of 10 years, the sum of $15 a month, and a further sum of $750 for hospital expenses expended by the wife. It was assumed by all parties concerned that upon the recommendation of the trial judge the Governor would issue the parole, as provided by the act above quoted. Though not appearing of record, proof has been offered indicating that it was further agreed that, in the event the Governor failed or refused to grant such parole, Oscar Leierer should be permitted to withdraw his plea of guilty and the charge against him be tried to a jury. Whereupon the defendant Oscar Leierer entered his plea of guilty and the following judgment was rendered and entered against him:

"Now, on this 1st day of December, A. D. 1924, the same being one of the regular judicial days of a term of this court, the above-entitled matter comes regularly on for hearing on the arraignment of the defendant herein. The state of Oklahoma appears by V. P. Crowe, county attorney of Garfield county, state of Oklahoma, and the defendant appears in his own proper person and by his attorneys, McKeever, Moore & Elam, and thereupon the defendant waives the reading of the information herein and enters his plea of guilty to wife desertion, as charged in the information on file in the above entitled cause. It is therefore by the court considered, ordered, adjudged, and decreed that the defendant serve a term of two years in the state penitentiary at McAlester, Oklahoma; the said sentence to commence upon the delivery of the said defendant into the custody of the warden of the state penitentiary. And the court, as a part of this sentence, recommends to the Governor of the state of Oklahoma that the defendant be paroled upon entering into an undertaking in form provided by the judge of this court, in the penal sum of $3,000, good and lawful money of the United States of America, with two or more sufficient sureties, conditioned that the said defendant shall within ten days from the 1st day of each month, commencing on the 1st day of December, 1924, pay to the clerk of the district court of Garfield county, state of Oklahoma, the sum of $15 for the support of the wife of said defendant, for the period of 10 years from and

including the day of said first payment, and paying to the clerk of said court the further sum of $750, representing hospital expenditure of the wife of the defendant, same to be paid within 30 days from this date, and payment of the costs of this action, taxed at $124.34, within 30 days from this date."

After the rendition of the above judgment the parents of the injured wife resisted the proposed parole, and the Governor of the state failed or refused to carry out the recommendation of the trial judge for a parole.

On January 1st, following the rendition of judgment, the term of court at which such judgment was rendered expired by operation of law.

On January 26th the defendant, by his attorneys, applied to the district court of Garfield county, James B. Cullison, judge presiding, for permission to be heard upon an application to withdraw his plea of guilty, and asked that a day be fixed for such hearing, and that he be released upon bond. The court made and entered an order granting the application. Later, on the 27th day of February, 1925, a motion was filed by the defendant, asking leave to withdraw his plea of guilty and enter a plea of not guilty. On June 5, 1925, this motion came on to be heard, over the motion and protest of the state, based upon the ground that the court was without jurisdiction to grant the motion of the defendant, or to make any order based thereon. The county attorney and others interested apprised the court that they desired to make application to the Criminal Court of Appeals for a writ of prohibition to restrain each of the district judges of the district court within and for Garfield county from making any further orders in the case. In order that such application might be filed, further proceedings in the district court were held in abeyance.

Whereupon this application for a writ of prohibition

was filed here, reciting the facts and urging the claim that the district court of Garfield county is without power or authority to make any orders in the premises, except to order the defendant into the custody of the sheriff to carry out the sentence originally pronounced against him. The defendant claims that he entered his plea of guilty under a misapprehension of the facts, and that for that reason his plea and the judgment thereon should be set aside; that the application of February 27, 1925, in the trial court, for leave to withdraw his plea, was in the nature of an application for a writ of error coram nobis and should have been sustained, and that the application here for a writ of prohibition should be denied.

The representatives for the state in effect admit that it was the intention of all parties, at the time the defendant entered his plea, that he should be paroled, but deny that there was any mistake as to any existing fact, or any fraud or duress. On the contrary, so the state contends, the defendant and the trial judge, with full knowledge of all the facts, assumed the risk that the Governor would not grant executive clemency, as anticipated; that for a period of 30 days after sentence, in the same term of court, the defendant could have withdrawn his plea; that, for whatever reason the defendant or his counsel were lulled into repose until after the term and took no action to withdraw the plea, at the end of the term the judgment of conviction became fixed and final, and that thereafter the trial court had no authority to issue a writ of error coram nobis, based upon the refusal of the Governor to grant executive clemency as anticipated.

Under the old wife abandonment statute (section 1856, Comp. Stat. 1921), the court was empowered to make modifying orders and grant paroles after the term. Under the present statute (chapter 78, Session Laws 1923), such power is lodged exclusively with the Governor.

This court has never directly decided whether the ancient common-law writ of coram nobis, or writ of error coram nobis, will apply in this state. Section 2345, Comp. Stat. 1921, provides:

"The procedure, practice and pleadings in the courts of record of this state, in criminal actions or in matters of criminal nature, not specifically provided for in this code, shall be in accordance with the procedure, practice and pleadings of the common law."

From the provisions of this statute we see no reason why in a proper case resort to this writ may not be had.

The writ of error coram nobis is a common-law remedy, afforded on application to the trial court for the correction of errors of fact unknown at the time of the trial to the party seeking relief and to the court. Alexander v. State, 20 Wyo. 241, 123 P. 68, Ann. Cas. 1915A, 1282; Ernst v. State, 179 Wis. 646, 192 N. W. 65, 30 A. L. R. 681; People v. Perez, 9 Cal. App. 265, 98 P. 870.

The writ will not be allowed when, after the defendant and his counsel had knowledge of the error, a statutory remedy existed which could have then been invoked. State v. Richardson, 291 Mo. 566, 237 S. W. 765; State ex rel. Orr v. Latshaw, 291 Mo. 592, 237 S. W. 770; Alexander v. State, supra; 34 C. J. 393.

The writ cannot be invoked upon the existence of a fact actually brought to the knowledge of the court or the accused before rendition of judgment. 2 R. C. L. 309, and cases cited; 34 Corpus Juris, 399. It will not be invoked to relieve from consequences arising after judgment. Collins v. State, 66 Kan. 201, 71 P. 251, 60 L. R. A. 572, 97 Am. St. Rep. 361. In this case the defendant and his attorney and the trial judge in effect laid an extremely hazardous wager upon what the Governor of this state would do. Having made such wager and lost, the defendant should now be required to abide the consequences.

The writ of prohibition is granted. The district court of Garfield county, and Hon. Charles Swindall and Hon. James B. Cullison, judges thereof, are directed to make no further orders in the original cause herein, except to order the defendant, Oscar Leierer, into the custody of the sheriff, with directions to execute the sentence originally rendered.

DOYLE and EDWARDS, JJ., concur.