## M. L. BARDWELL v. STATE.

No. A-5842. Opinion Filed Feb. 21, 1927.
Rehearing Denied March 26, 1927.
(253 Pac. 1026.)

Norman Wright and Wright & Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The information filed in the district court of Oklahoma county, January 7, 1925, charges that M. L. Bardwell in said county, on the 30th day of June, 1924, did willfully unlawfully, wrongfully, and feloniously commit the crime of child abandonment in the form and manner as follows, to-wit:

"That is to say, the said defendant in the county and state aforesaid, and on or about the 30th day of June, 1924, then and there being, did then and there willfully, unlawfully, wrongfully, and feloniously abandon and desert his lawful minor children under 15 years of age, to wit: Billy Bardwell, of the age of 4 years, and Dorothy Bardwell of the age of 14 years, in destitute and necessitous circumstances, and willfully fails, refuses, and neglects to maintain and provide for said children, or contribute anything toward their support."

A trial was had, and defendant found guilty as charged in the information, assessing his punishment at imprisonment in the state penitentiary for one year; motion for a new trial was filed and overruled. In support of the contention of counsel that judgment should be reversed, a number of errors are assigned, but only one is argued, counsel stating that they do not waive or abandon any of the other assignments of error. The assignment argued by counsel for plaintiff in error is as follows: "Is the father of minor children under 15 years of age amenable of the crime of child abandonment."

In this case the facts in substance are as follows: M. L. Bardwell, the plaintiff in error in this case, had been the husband of Ella T. Bardwell, who was the mother of the two minor children, Billy Bardwell and Dorothy Bardwell, was granted a divorce from Merrell L. Bardwell on the 25th day of March, 1922; the di-

vorce giving Ella T. Bardwell the custody of the minor children, and enjoining the defendant from interfering with either of the said children or with Ella T. Bardwell in her custody of her minor children, and enjoined the plaintiff in error from visiting said children until further order of the court. The decree also required M. L. Bardwell to pay to his divorced wife, Ella T. Bardwell, the sum of $100 per month; later by an order of the court the amount per month was reduced from $100 to $50 per month. The plaintiff in error in this case, who was the defendant in the divorce proceedings, paid the amount up to June, 1924, when he ceased paying, and had not paid from June, 1924, up to January 7, 1925, when this complaint was filed.

The plaintiff in error took the stand in his own behalf, and sought to justify his failure to pay on the ground that he was out of employment part of the time and could not get money to make the payment, and on the further ground that he had tried to get his divorced wife to take $50. It was not denied by plaintiff in error in his testimony that he had failed to pay anything toward the support and maintenance of his two minor children since June, 1924, and, as herein stated, the only excuse he had for not paying was that he did not have the money at certain times, and that he was trying to get his wife to accept $25 per month. The record also discloses that the plaintiff in error, on or about January of 1925, was married again. His financial cicumstances were not such as to prevent him from getting married; yet the record discloses that he attempted to justify his failure to provide for his minor children because he could not get the money. This is a flimsy excuse. We are at a loss to understand why any father who knows the love of mother could so far forget himself, even though estranged from the mother of his children, to fail to provide for, and to maintain and

support them. The paternal love for these minor children, if any existed, must have been swept away in the cyclone of affection for the second wife he married in January.

From the record in this case the court is compelled to answer the question propounded by the attorneys for plaintiff in error in the affirmative, and hold that the father of minor children under 15 years of age is amenable to the law of child abandonment. State ex rel. Mitchell v. Swindall et al., 33 Okla. Cr. 210, 241 P. 456; Brown v. State, 33 Okla. Cr. 217, 242 P. 1065.

We have carefully examined the record, and we have no reason to doubt that the conviction was justified by the evidence in the case.

In our opinion, the defendant had a fair and impartial trial, and the judgment is accordingly affirmed.

DOYLE, P. J., and EDWARDS, J., concur.