# LEE WILLIAMS v. STATE.

No. A-9148.   Aug. 27, 1937.
(71 Pac. 2d 496.)

C. D. Peck, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, the defendant in the trial court, was by information charged

with wife and child abandonment; was tried, convicted, and sentenced to serve a term of six years in the state penitentiary. Motion for new trial was filed, considered, overruled, exceptions saved, and the defendant has appealed to this court asking that the case be reversed.

The charging part of the information is:

"On or about the 7th day of June, A. D. 1935, in Oklahoma county, state of Oklahoma, Lee Williams, whose more full and correct name is to your informant unknown, then and there being, did then and there willfully, unlawfully and feloniously commit the crime of wife and child abandonment in the manner and form as follows to wit: That is to say, the said defendant in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there willfully, unlawfully, wrongfully, and feloniously desert and abandon his lawfully wedded wife to wit: Mrs. Lee Williams, and did desert and abandon his five minor children under the age of fifteen years, to wit: Herbert Williams of the age of twelve years, George Williams of the age of seven years, Patricia Williams of the age of five years, Ross Williams of the age of three years and Billy Williams of the age of nine months; said desertion and abandonment on the part of the said defendant left said wife and children in destitute and necessitous circumstances and defendant did willfully neglect to maintain and provide for said wife and children, contrary to the form of the statutes in such cases made and provided against the peace and dignity of the state of Oklahoma."

The record contains 363 pages. The proof on behalf of the state in substance is that the defendant was an able-bodied man at the time of the abandonment, a lawyer by profession, and a court reporter; that he suffered no disease or bodily infirmity; that he separated himself voluntarily from his wife and children without any justification or excuse; that the defendant drank a great deal

and would at different times remain away from home for several days, and could not be found by his neighbors or his family.

During the times he would be away from home the family would be in destitute circumstances; that for some time before the institution of this prosecution the defendant would fail to pay the rent, and refuse to pay the light bill, forcing the family to burn candles and rags soaked in oil for lights; that the defendant would fail to pay the water bill and the water would be shut off from the house in which the family was residing. On one occasion the gas was turned off and it became necessary for the family to go to the neighbors to warm the milk for the baby's bottle; in fact, the defendant failed to pay the rent and incidentals, and failed to provide the necessary food and clothing for his family; that the family was provided for by the Provident Association, the Kings Class of the Baptist Church, and the school cafeteria assisted them with foods and things necessary for their maintenance; that the Catholic Charities paid the rent, and paid on the furniture, and finally all of the children and the wife were taken to St. Joseph Orphanage. The defendant failed, neglected, and refused to provide for their necessary support.

The defendant and his wife had been married about twelve years. During that time, while raising their children, they moved from place to place because of the failure of the defendant to pay the rent and incidental bills. The most of the time the defendant was working as a court reporter on a good salary.

The testimony further shows that often the children and wife would be without food for a day or more at a time and they would not know where the defendant was;

some of the time during this necessitous condition of the family for food and clothing the defendant would come home to where the family was and remain a short while and change his clothing and then return to some place unknown to his wife. This action of the defendant went on for a year or more; occasionally the defendant would provide a little money for the family and then go away again. On one occasion the children and wife took refuge in the Kerr Dry Goods Store, where the officers found them; they were hungry and cold; they got in touch with the defendant, the county attorney, a Mrs. Seck and Mrs. Mayer, and the defendant promised to do better. On the defendant's promise to take care of his family, no charges were filed. Mrs. Seck and Mrs. Mayer took three of the children to the orphanage, leaving one of them with Mrs. Williams. The defendant took Mrs. Williams and the child with him to the Van Buren near the courthouse, where he paid for lodging for one night and breakfast the next morning, leaving Mrs. Williams after breakfast without any funds or credit, and without anything to buy supplies or anything to eat. The landlady, learning of their condition about 6 o'clock in the evening, took them to her room and fed them. Mrs. Mayer returned and learned that the defendant had left Mrs. Williams and the child, and took them to her home for the night.

The defendant continued to fail to provide for the family, and on the 20th day of July, 1935, the information in this case was filed charging the defendant with wife and child abandonment.

The testimony shows that the defendant had not provided for his wife and children for many, many months and finally abandoned them to the mercy of the charitable institutions and Christian people and those knowing

their condition to assist in providing for them. It is not deemed necessary to extend this opinion to the length it would require should the court undertake to set out the testimony in full, and it would serve no useful purpose; the testimony on behalf of the state showing conclusively that the defendant had failed, neglected, and refused to provide for his wife and children as a loving husband and a devoted and affectionate parent should for his wife and children.

The defendant in his testimony seeks to justify his actions by claiming he was not making sufficient funds to provide for them as they should be provided for. He admits the stealing of a watch from one of his employers, a pistol from another, and attempts to say these larcenies were committed in order to get funds to assist in providing for his wife and children. His conduct for a year or more before this charge was filed was contemptible and such that no good citizen can approve or condone.

The defendant has assigned ten errors alleged to have been committed in the trial of his case, and has filed in support of his assignments a brief of 63 pages. The first assignment of the defendant is:

"That the court erred in overruling the motion of this plaintiff in error for a new trial. To which ruling of the court this plaintiff in error duly excepted at the time."

This assignment of error covers the other nine assignments in his motion for a new trial. All the assignments will be discussed together, and the court will examine and consider, first, whether or not the testimony is sufficient to sustain a conviction; second, are there any prejudicial or fundamental errors in the record; and, third, did the court commit any reversible error in the admis-

sion or rejection of testimony or in its instructions to the jury.

Section 1830, O. S. 1931 (21 Okla. St. Ann. § 853), is as follows:

"Every person who shall without good cause abandon his wife in destitute or necessitous circumstances and neglect and refuse to maintain or provide for her, or who shall abandon his or her minor child or children under the age of fifteen years and wilfullly neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment in the state penitentiary for any period of time not less than one year nor more than ten years."

It is clear that the legislators, in passing the section of the statute above quoted, had in mind men who would conduct themselves as this defendant has conducted himself in this case, and would leave his wife and minor child or children without support or maintenance, and leave them to the mercies of the good charitable and Christian people to protect, support, maintain, and educate, and in the statute the Legislature wisely provided that where a husband and father failed to provide for his wife and minor children, the state could place him in prison for such gross failure and neglect.

The excuse offered by the defendant for not providing for his wife and minor children is flimsy and unreasonable. The testimony clearly shows that if the defendant had ceased his drinking and staying away from home, and worked at his honorable profession as lawyer and court reporter, he could have provided sufficient means to have comfortably maintained his family.

We are at a loss to understand why any father who has known the love of a father and mother can so far for-

get himself and his duty to his wife and children as to remain away from home and fail to furnish them with the necessities of life, and permit his children and wife to go hungry for food, without clothing, and without a comfortable place to live. The paternal love for his children, if any existed, must have been swept away in a cyclone of desire for drink and riotous living.

No competent testimony is offered by the defendant to justify his actions, and no reason existed for his wanton and willful abandonment of his wife and children, leaving them in necessitous circumstances.

In the case of Dyer v. State, 58 Okla. Cr. 317, 52 Pac. (2d) 1080, 1084, it is said:

"According to the great weight of authority and according to what we believe is the plain intent of our statutes, the fact that the mother alone or together with other persons furnished all the support needed for the child does not constitute good or sufficient cause for any failure or neglect by the father. Hunter v. State, supra [10 Okla. Cr. 119, 134 Pac. 1134, L.R.A. 1915A, 564, Ann. Cas. 1916A, 612]. * * *

"Generally speaking, a wife is entitled to support at the hands of the husband, and both law and common humanity charge him with the duty of maintaining his own infant child.

"It was to prevent and punish such outrages against humanity and the marriage obligation that the statute was enacted, and its force and effect should not be nullified by any nicety of construction."

The testimony in this case is sufficient to sustain the judgment and sentence. No fundamental or prejudicial errors appear in the record. The defendant was accorded a fair and impartial trial. The instructions of the

court correctly advised the jury as to the law applicable to the facts in the case.

Under the statute, we hold that the father of minor children under the age of 15 years is amenable to the law of child abandonment. State ex rel. Mitchell v. Swindall et al., 33 Okla. Cr. 210, 241 Pac. 456; Bardwell v. State, 36 Okla. Cr. 319, 253 Pac. 1026. Dyer v. State, supra.

We have carefully examined the record and we have no reason to doubt that the conviction was justified by the evidence in this case. In our opinion, the defendant had a fair and impartial trial. Finding no errors in the record warranting a reversal, the judgment of the trial court is affirmed.

DOYLE and BAREFOOT, JJ., concur.