## CHARLES W. GIBSON v. STATE.

No. A-11028.  Sept. 1, 1948.

(197 P. 2d 310.)

W. Hendrix Wolf and Brown Moore, both of Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, J.   The petitioner, Charles W. Gibson, was charged by criminal complaint filed in the county court of Logan county on April 9, 1947, with having unlawfully committed an act of incest with his daughter, Iva Mae Gibson, of the age of thirteen years, said act being alleged to have been committed on April 8, 1947.   The preliminary examination was waived and the defendant was ordered held to await the action of the district court.

On April 11, 1947, an information was filed in the district court of Logan county, charging the defendant with said crime of incest.   Thereafter on April 11, 1947, the record of the court clerk discloses the following procedure:

"State appears by its County Attorney, Charles W. Allen, Jr.   Defendant appears in person and arraigned in open court.   Information read.   Defendant is informed of constitutional rights and requests appointment of attorney.   Court orders Charles A. Moser as attorney for Defendant.   Defendant again committed to care of Sheriff.   Bond set at $5000.00."

Thereafter on the same date the minutes of the court clerk reveal the following proceedings:

"Defendant reappears in open Court and thereupon enters a plea of guilty.   It is the Judgment and Sentence of the Court that he be imprisoned in the State Peniten-

tiary at McAlester for a period of 5 years from the date of delivery to the Warden.

"Defendant notified of right of appeal."

The petitioner was committed to the State Penitentiary in conformity to the judgment and sentence pronounced against him to serve five years in said institution and he is now there incarcerated On November 20, 1947, a motion for new trial on the ground of newly discovered evidence was filed by counsel for the defendant; the alleged newly discovered evidence being set forth in the motion and substantiated by written statements attached to the motion. These written statements were from three doctors who certified that they had made an examination of the said Iva Mae Gibson, and that in their opinion she had never had sexual intercourse with an adult male. Also attached to the motion was a letter written from Iva Mae Gibson to the defendant dated August 15, 1947, in which she stated that the defendant was not guilty. This motion for new trial was heard and overruled on December 12, 1947.

Thereafter, on December 31, 1947, the defendant through his counsel filed a pleading in said cause in the district court of Logan county, which was styled "Motion and Petition to Withdraw Plea and for Writ of Coram Nobis." This motion substantially alleged that at the time the judgment and sentence was pronounced, the court committed an error of fact for the reason that defendant entered a plea of guilty to said charge, when in truth and in fact no such charge had been committed, and the defendant at the time was in such a state of mind and of reasoning facilities that rendered him legally insane, and incapable of understanding the nature and consequences of the charge pending against him. The

motion further alleged the same evidentiary facts which were alleged in the motion for new trial concerning the examination of Iva Mae Gibson by three doctors and that in their opinion from their examination, she had never had an act of sexual intercourse.

The county attorney filed an answer to said motion specifically denying the allegations and demanding strict proof. In the answer it was further alleged that the charge of incest was filed against defendant after an investigation by Mrs. Elizabeth Patterson, an investigator from the State Department of Charities and Corrections, and by the office of the county attorney. That during this investigation, the said Iva Mae Gibson repeatedly said that defendant had had illegal sexual intercourse with her at various times, and the defendant likewise admitted to the city police of Guthrie and to Mrs. Patterson, the sheriff, and county attorney of Logan county, that he had committed the crime of incest with his daughter and further signed a written statement of having committed said unlawful act. The answer sets forth the arrest, arraignment, and plea of guilty of the accused and the sentence of the accused upon his plea of guilty to a term of five years in the State Penitentiary. The county attorney further alleged that the motion did not state facts sufficient to constitute grounds for the relief prayed and that the district court of Logan county was without jurisdiction to grant the relief prayed for in said motion.

Thereafter, on the 23rd day of January, 1948, the motion was duly presented to the district court of Logan county, evidence was presented for and against said motion after which the motion was denied. There was no evidence of insanity presented on behalf of defendant, although there was some proof that he was physically

ill at the time of the alleged crime. Most of the proof of petitioner was devoted to the proposition that the crime of incest had never been committed.

This purported appeal was filed in the Criminal Court of Appeals on March 12, 1948, from the action of the district court in denying said motion to withdraw plea of guilty and for a writ of coram nobis.

We are confronted with the question as to whether an appeal will lie to this court from the action of the court in denying the motion filed by the defendant.

By statute it is provided that an appeal may be taken by the defendant as a matter of right from any judgment against him, and upon the appeal, any decision of the court, or intermediate order made in the progress of the case, may be reviewed. Tit. 22 O. S. 1941 § 1051.

It is further provided that in felony cases, the appeal must be taken within six months after the judgment is rendered. Tit. 22 O. S. 1941 § 1054.

In the recent case of Wyatt v. State, 81 Okla. Cr. 248, 162 P. 2d 884, the defendant filed a motion for a new trial after the judgment and sentence had been pronounced against him. The attempted appeal was lodged within six months after the overruling of the motion for new trial, but was not filed six months after the judgment and sentence was pronounced against the accused.

In dismissing the appeal, this court held:

"An appeal to this court may be taken by a defendant as a matter of constitutional right from any judgment of conviction rendered against him in a court of record; but the statutes regulate the time and manner

of exercising that right, and the appeal must be taken in the manner prescribed.

"An appeal in a felony case must be taken within six months after the judgment is rendered, and when it appears from the record that such appeal was not perfected within six months from the rendition of the judgment, the same will be dismissed for want of jurisdiction.

"The filing of a motion for new trial after judgment is rendered does not extend the time in which an appeal may be lodged in this court, as the appeal must be filed within six months after the judgment is rendered and not six months from the date of the order denying a motion for new trial."

In the early case of Houser v. State, 26 Okla. Cr. 265, 223 P. 409, it was held:

"Appeals to the Criminal Court of Appeals are from the final judgment against the defendant."

In Merrill v. State, 11 Okla. Cr. 278, 145 P. 1109, it was held by this court that there is no statute authorizing an appeal from an order denying a motion for a new trial except as incidental to an appeal from a judgment of conviction. The same rule is applicable to any other order made during the progress of a criminal cause, such as the order here attempted to be appealed from.

The motion of the defendant to withdraw his plea of guilty made after the judgment and sentence was pronounced and the order overruling the same, was an order made in the progress of the case and such as could only be reviewed upon an appeal from the final judgment which was rendered against the accused.

The record discloses that the judgment and sentence was pronounced against the accused on April 11, 1947. This purported appeal was filed in the Criminal Court

of Appeals on March 12, 1948, which was eleven months after the judgment and sentence was pronounced.

As was said in Wyatt v. State, supra:

"If the appeal could be filed one day late, it could be filed any number of days late. So that it is apparent, if this court would assume jurisdiction of an appeal filed one day late, it should also assume jurisdiction of an appeal filed one year too late. The Legislature has fixed six months as a reasonable time within which to file an appeal in felony cases, and this court is bound by the time so fixed."

The fact that the defendant applied for writ of error coram nobis in connection with his motion to withdraw the plea, does not extend the time within which the appeal may be lodged in this court. The writ of coram nobis, or writ of error coram nobis, as it is sometimes termed, was a common law writ which developed in the early stages of common law procedure because of the absence at that time of the right to move for a new trial and the right of appeal from the judgment. State ex rel. v. Sullivan, 86 Okla. Cr. 364, 193 P. 2d 594.

The right of the defendant to file a motion in arrest of judgment, motion for new trial because of newly discovered evidence, and other statutory remedies have largely if not entirely superseded the office and functions of the old common law writ. The writ of coram nobis has never been issued by the Criminal Court of Appeals of Oklahoma; although, by dicta it has been said in some cases that in appropriate circumstances such a writ may properly issue in this state. State ex rel. Attorney General v. Hurst, 59 Okla. Cr. 220, 57 P. 2d 666; State ex rel. v. Swindall, 33 Okla. Cr. 210, 241 P. 456; State ex rel. v. Sullivan, supra; Ex parte Goff, 87 Okla. Cr. 33, 194 P. 2d 206.

The record made by the defendant at the hearing on his motion to withdraw his plea of guilty was such as should be called to the attention of the Pardon and Parole Board for such action as might seem proper to them to take in view of all the circumstances of the case.

The appeal herein not having been filed in the Criminal Court of Appeals within the time fixed by statute, this court is without jurisdiction to determine the question presented and the appeal is accordingly dismissed.

BAREFOOT, P. J., and BRETT, J., concur.