Woodrow Wilson **TILGHMAN**, Petitioner,

v.

**Howard C. McLEOD**, Warden of the State Penitentiary at McAlester, Oklahoma, Respondent.

No. A–12421.

Criminal Court of Appeals of Oklahoma.

Jan. 2, 1957.

Rehearing Denied Feb. 6, 1957.

Sid White, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Woodrow Wilson Tilghman under date of December 14, 1956 filed in this court

his petition seeking his release from the State Penitentiary at McAlester, where he has been held since June 22, 1950 by reason of a judgment and sentence for armed robbery, issued and pronounced by the district court of Oklahoma County on March 30, 1950 in case No. 19590, Criminal.

■ Once before this court had for consideration a petition filed by this petitioner, seeking a writ of habeas corpus on account of the same conviction mentioned above, where the various grounds now set forth were considered and disposed of, even if without satisfaction to counsel. See Tilghman v. Burns, Sheriff, 91 Okl.Cr. 359, 219 P.2d 263. We discover no reason to repeat here the matters we there treated. That opinion may be referred to.

We did hear oral argument by counsel for the petitioner, and counsel for the respondent on December 19, 1956.

The gist of counsel's argument that differs from that heretofore urged is set forth in the petition as follows:

"That now, having watched said so-called Habitual Criminal Act [21 O.S.1951 § 51 et seq.], and having noted the accomplishments and results thereof, the Presiding Judge of this Court has concluded that the same is an impediment to the administration of justice and too often deprives accused persons of a fair and impartial trial for a single offense as guaranteed by said constitutions as aforesaid.

"That evidencing his said conclusion, the said Presiding Judge delivered an address to the State Bar Association assembled in Tulsa at its last convention, and there suggested that said act should be amended to keep from the jury all allegations of former convictions and proof thereof until the jury should have first considered and passed upon the guilt of the accused of the one offense charged.

"That in addition thereto the Presiding Judge of the Criminal Court of Appeals has recommended to the advisory committee of the state legislature that said so-called Habitual Criminal Act be so amended as aforesaid.

"That to permit this petitioner to be thus abused and deprived in effect of his constitutional right as aforesaid is wrong and unjust and under Sec. 6 of Art. 2 of the Constitution of Oklahoma a remedy should be afforded him."

■ Members of courts, as in the case with any citizen, come to have definite personal opinions as to the efficacy of various laws to accomplish the purpose intended by the legislative body. Each time the legislature meets, various factions among our citizenship endeavor for one reason or another to get old laws repealed or new laws enacted or various amendments made. Sometimes they succeed. Sometimes they do not. Changes usually come about by a gradual process, and represent the will of the people. And until the legislature does make changes, courts are bound to abide by the law as written, irrespective of the personal views of individuals or members of the court.

■ We cannot agree that Section 6 of Article 2 of the Oklahoma Constitution would justify this court in nullifying the conviction complained of and freeing this petitioner, even though, as a matter of fact, the writer agrees in principle with the comments by our presiding judge before the December, 1956 Oklahoma Bar Association meeting at Tulsa, in support of the report of the Committee on Criminal Procedure, recommending a change in the procedure incident to proving the former alleged offenses. This proposed change, however, was not based on any constitutional defect in the present law, but rather on the impossible burden cast on the accused under the procedure followed under the present law.

Petitioner's remedy for earlier release, it would seem to us, if he has been a model prisoner, is to present to the Pardon and Parole Board his contention, supported by the record that he would offer, that he was convicted on the evidence of one witness, and being a notorious and confessed bootlegger, if such was the case. We do not have, and could not consider if we did have, the record made at trial to resolve disputed evidence as to guilt, for as we said in our prior opinion in this case, a writ of habeas corpus may not be used as a substitute for an appeal, and even in an appeal we do not weigh the evidence.

Writ denied.

JONES, P. J., and BRETT, J., concur.