**Gary M. SCOBIE, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–13583.**

Court of Criminal Appeals of Oklahoma.

Dec. 2, 1964.

Gary M. Scobie, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

This is an original proceeding in habeas corpus instituted by the petitioner to secure his release from confinement in the State Penitentiary at McAlester, Oklahoma.

Petitioner attaches a copy of a judgment and sentence on conviction, showing that the petitioner, age 21 years, was tried and convicted of the crime of uttering a forged instrument, forgery in the second degree, after former conviction of a felony, and sentenced to serve twenty-five years in the State Penitentiary. The judgment and sentence was dated June 18, 1963. Petitioner states that he was delivered to the State Penitentiary on June 29, 1963.

The Attorney General has filed a Response, and attaches thereto copy of the page of the appearance docket showing the proceedings in the case in which the petitioner was convicted, and also copy of petitioner's prison record, showing this to be his third term in the penitentiary.

From the petition, response and the record before us, it appears that the petitioner was represented during his trial by the public defender, T. Gudgel. That he was tried on the charge against him on April 2, 1963, and the trial resulted in a mistrial and the jury was dismissed. The case was again called on May 7, 1963 and this trial resulted in a hung jury. The case was then tried on June 12, the defendant found guilty and the jury fixed his penalty at twenty-five years in the state penitentiary.

Motion for new trial was overruled, the defendant gave notice of his intention to appeal; the County of Tulsa furnished the defendant with a casemade and gave him time within which to serve and file the same, but the appeal was never filed in the Court of Criminal Appeals. Attached to the petition is an original letter addressed to this petitioner, dated August 22, 1963, signed by Robert B. Ardis, who was also a public defender in Tulsa County, in which he states:

"I received your letter some time ago concerning your appeal. Let me assure you that we are working toward perfecting this appeal and will do our best to reduce the sentence or set it aside."

Judge W. Lee Johnson was the trial judge in this case, and petitioner attaches an original letter written by Judge Johnson's bailiff, dated July 20, 1964, advising him that on September 6, 1963 an order was entered reciting that casemade had been completed, and the court extended the time for serving same an additional ten days, and adding: "Time for appeal finally ran out and apparently your lawyer failed to perfect your appeal."

In considering the propositions advanced by the petitioner, it must be kept in mind that in habeas corpus proceedings only those matters alleged in the petition which pertain to alleged lack of jurisdiction of the trial court may be considered. If the trial court had jurisdiction of the person of the accused, and of the subject matter, and did not exceed his jurisdiction in assessing the punishment, the writ may not issue. In re: Williams, Okl.Cr., 341 P.2d 652; Peoples v. McLeod, Okl.Cr., 306 P.2d 364; In re: Anderson, Okl.Cr., 344 P.2d 674. And the writ of habeas corpus does not serve as an appeal and a review of the facts. In re: Maynard, 79 Okl.Cr. 215, 153 P.2d 505; Tilghman v. McLeod, Okl.Cr., 306 P.2d 732.

Petitioner calls attention to the fact that an appeal may be taken by one accused in a criminal action from any judgment rendered against him, which right is of course given him by the Constitution and by the Statute, 22 O.S.A. §§ 1051, 1054; but the statute further provides that an appeal must be taken in the manner prescribed by law. Re: Application of Knight,

522

Okl.Cr., 390 P.2d 894; Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228; Gibson v. State, 87 Okl.Cr. 260, 197 P.2d 310, and cases cited.

Petitioner next asserts that a defendant charged with a felony is entitled to be represented by competent legal counsel at all stages of his trial and appeal. Defendant was furnished an attorney throughout his trial, and as hereinbefore stated, he was furnished a casemade at the expense of Tulsa County. We would be remiss in our duty if we did not take the public defenders to task for misleading this defendant, and not filing his appeal in this Court, notwithstanding the fact that petitioner had been convicted on two prior occasions. It was his right to have his conviction and sentence passed upon by this Court. We regret that we can not grant the relief prayed for in this petition, but being a Court in which the jurisdiction is limited by statute, we can not review a case where the appeal is not perfected within the time allowed by statute. Therefore, under the conditions, we have no alternative but to deny the writ.

It is so ordered.

BUSSEY and NIX, JJ., concur.