**Everett Levoy GEORGE, III, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–85–737.**

Court of Criminal Appeals of Oklahoma.

Jan. 29, 1988.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

### OPINION

BUSSEY, Judge:

The appellant, Everett Levoy George, III, was convicted in the District Court of Tulsa County in Case No. CRF–84–4241 of the crime of Abandonment of Minor Children and was sentenced to three (3) years imprisonment. From this judgment and sentence he appeals.

The State's only witness, Connie Brown George, testified that she and the appellant were married for seven years prior to their divorce in November of 1982. During the couple's marriage, they moved from Tulsa, Oklahoma to Fort Worth, Texas where she

was employed as a medical assistant, and he as a plumber. They had two children, a five-year old daughter and an eight-year old retarded son, who required special treatment and therapy. As a result of the divorce, the appellant was instructed to pay fifty ($50.00) dollars a week per child for child support. Mrs. George further stated that she remained in Fort Worth until she graduated from nursing school in August of 1983, and following graduation, she and her two children moved back to Tulsa. At the time of the trial, she was working at two jobs and living with her parents in Tulsa in an effort to meet expenses. These expenses included four-hundred dollars ($400.00) a month to keep the children in day care, and a minimum of seventy-five ($75.00) to one-hundred dollars ($100.00) a month for medicine and doctor bills for her son. Mrs. George further testified that the appellant regularly provided the required financial support from the time of the divorce in November, 1982 until approximately two weeks after she finished school. After she completed her schooling, the appellant started cutting back on the amount of the payments, and by the first of November, he quit paying altogether. When Mrs. George noticed that the appellant had started reducing the payments, she and her attorney made numerous attempts to contact him, which were unsuccessful. When she finally did contact him, the appellant advised her that he was unemployed following November, 1982, and did not have the money because he could not find a job as a plumber. Mrs. George also added that up until the time of trial, the appellant had not seen or visited the children since the divorce and had only contacted them twice by phone. The appellant presented no witnesses and motioned for directed verdict at the close of the State's case. The appellant's motion was denied.

In his first assignment of error, the appellant contends that there was insufficient evidence to sustain his conviction and that the trial court erred in denying his motion for directed verdict. He claims that because his unemployment rendered him financially incapable of providing assistance, the State failed to prove the necessary elements of 21 O.S.1981, § 853, or that he wilfully neglected or refused to provide for his children. It is a well established rule that the proper test for sufficiency of the evidence is whether, after reviewing the evidence in a light most favorable to the State, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr. 1985). We conclude that the jury properly found the necessary elements of the crime of Abandonment of Minor Children. It was shown that child support payments from the appellant began to decrease immediately following Mrs. George's graduation from nursing school, and ultimately stopped. There was ample evidence presented from which the jury could infer the element of "wilful neglect" from the action of the appellant. Moreover, this Court has no authority to invade the province of the trier of fact in making determinations of guilt or innocence, even though there may be sharp conflicts in the evidence presented. *Roberts v. State*, 715 P.2d 483 (Okl.Cr.1986). This assignment is without merit.

Next, the appellant contends that the trial court erred when it failed to give his requested instructions which defined the elements of the offense. It is a well established rule that the determination of which instructions will be given to the jury is a matter within the discretion of the trial court provided that the instructions given fairly and correctly state the applicable law. *Nunley v. State*, 660 P.2d 1052 (Okl. Cr.1983). Because there were no Oklahoma Uniform Jury Instructions on this area, the trial judge was uncertain of his instructions, however, he adequately advised the jury of each element of the crime charged as well as the elements of the lesser crime of Omitting to Provide for Minor Children. Therefore, we find no abuse of discretion in the instructions that were given. This assignment is without merit.

The judgment and sentence is AFFIRMED.

**570**

BRETT, P.J., concurs in results.

PARKS, J., dissents.

PARKS, Judge, dissenting:

The pivotal issue is whether the appellant "willfully neglected" his children in violation of 21 O.S.1981, § 853. While willful neglect can be inferred from the surrounding circumstances, such neglect must be purposeful or without just cause and not merely a result of inability to pay. *Ballard v. State*, 92 Okl.Cr. 420, 223 P.2d 782, 784 (1950); *Williams v. State*, 62 Okl.Cr. 298, 71 P.2d 496, 498 (1937); *State v. McMains*, 95 Okl.Cr. 176, 241 P.2d 976, 983 (1952). Therefore, the State was required to show that appellant's failure to pay child support was intentional and not simply due to inability to pay.

The facts presented are not sufficient to warrant a finding of "willfulness." Although the appellant failed to pay child support, the record indicates that he was unable to find work. After the divorce from his wife, he did not see his children because they lived in a different state, and he lacked the funds to make the trip. Further, he did contact them by telephone at least twice. These facts do not indicate that appellant intentionally withheld the child support payments, but rather that appellant was unable to make payments due to his inability to find work.

Accordingly, I would reverse and remand with instructions to dismiss based upon the insufficiency of the evidence. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).