## *In re* OPINION OF THE JUDGES.

Opinion Filed December 31, 1912.

(128 Pac. 734.)

**COURTS—Advisory Opinion to Governor.** An advisory opinion to the Governor as to the regularity of the record in a case in which the defendant has been sentenced to death should not be given when the time for taking an appeal has not expired, and when the defendant has not waived his right to an appeal.

(Syllabus by the Court.)

To His Excellency, the Governor of Oklahoma:

The judges of the Criminal Court of Appeals, responding to the official communication of Hon. Lee Cruce, Governor of Oklahoma, to this court, which presents to the judges of this court a certified copy of the record of the conviction of George Reedy,

who was on the 4th day of December, 1912, by the judgment of the district court of Pittsburg county sentenced to death for the crime of murder, the said sentence of death to be inflicted on the 10th day of January, 1913, by electricity, with the request that we give an opinion thereon as prescribed by section 6928, Comp. Laws 1909, do hereby respectfully submit the following opinion of the judges:

FURMAN, P. J.   As we understand the law, this provision of the statute contemplates that an advisory opinion of the judges may be given to the Governor, where an appeal has not been taken from a judgment and sentence of death.   But we think it would be improper for the judges to express any opinion in an *ex parte* proceeding as to the rights of a defendant which may afterwards be brought before them by appeal, where all parties interested would be represented.   To pass upon such questions in advance of an appeal would be to deprive a defendant of his constitutional right to be heard in his own behalf.   The time for taking an appeal in this case has not expired, and we have no legal information that the defendant has in any manner waived his right to take an appeal.   The fact that the Governor has been informed that no appeal would be taken would in no manner estop the defendant from taking an appeal within the time allowed by law.   We cannot consider this as evidence that an appeal will not be taken.   It would therefore be improper for us to pass upon this record as now presented.

The record is therefore respectfully returned to his excellency, the Governor.

ARMSTRONG and DOYLE, JJ., concur.