### *In re* OPINION OF THE JUDGES.

No. A-3859—Opinion Filed Oct. 2,1920.

(192 Pac 597.)

Opinion of the Justices in response to a request by Hon. J. B. A. Robertson, Governor of the State of Oklahoma.

Hon. J. B. A. Robertson, Governor of the State of Oklahoma—Sir:

In response to your official communication of Sep-

Opinion of the Court.

tember 28, 1920, addressed to the judges of this court, for an opinion (as provided in section 5969, Revised Laws 1910) in the matter of the conviction of Eli Thomas in the district court of LeFlore county, Okla., on the 8th day of Steptember, 1920, of the crime of murder, and sentenced to be put to death by electrocution in the state penitentiary on the 23d day of November, 1920, we hereby respectfully submit the following:

### Opinion of the Judges.

MATSON, J. It appears from the record before us: That Eli Thomas was prosecuted in the district court of LeFlore county, Okla., by information filed in said court on the 19th day of August, 1920, by D. C. McCurtain, the duly qualified and acting county attorney of said county, which information charged Eli Thomas with the murder of one Selma Mayfield in said county on the 6th day of August, 1920, by shooting the said Selma Mayfield with a pistol. That on the same day, the said defendant appeared in open court in person and by his attorney, and was duly arraigned and allowed 24 hours in which to plead, in compliance with section 5778, Revised Laws 1910. That thereafter, on the 23d day of August, 1920, the defendant was present in open court in person, and also by his attorney, and entered his plea of not guilty to the charge contained in the information, whereupon the court by order set the cause for trial on the 2nd day of September, 1920.

Thereafter, on the 2nd day of September, 1920, in pursuance to the order entered on the 23d day of August, 1920, the said cause was called for trial, and defendant

was present in person and by his attorney, and the state was present by the county attorney, and both sides announced ready for trial, and a jury of 12 good and lawful men were duly drawn from the box and impanelled according to law for the trial of said cause, and the said jury was duly sworn to try said cause, and a true verdict rendered according to the law and the evidence. That thereupon the trial proceeded according to the forms of law, the state introduced its evidence in chief and rested, whereupon the defendant introduced his evidence in defense and rested, whereupon the state introduced certain evidence in rebuttal, after which both the state and defendant closed their cases, and the court thereupon presented to the attorneys, both for the prosecution and defense certain instructions which he proposed to give in the cause, and offered each side opportunity to file objections to the same. No objections to the instructions being offered, the court thereupon instructed the jury upon the law of the case, which said instructions are incorporated in the record in full.

Thereupon the jury retired in charge of a sworn bailiff under proper admonitions of the trial court to consider of their verdict, and afterwards, to-wit, on the 3d day of September, 1920, returned into open court the following verdict:

"We, the jury, drawn, impanelled and sworn in the above-entitled cause, do upon our oaths find the defendant Eli Thomas, guilty of murder as charged in the information herein, and we assess his punishment at death."

Whereupon the court read the verdict of the jury, and the jury was polled, anl as each juror's name was called the court asked him if this was his verdict, and if he

was still satisfied with it, to which each juror answered in the affirmative, and the jury was thereupon discharged from further consideration in the cause. The court thereupon ordered the clerk to file the verdict with the other papers in the case, which was done.

Thereafter, on the 4th day of September, 1920, the defendant being present in open court in person and by his attorney, and the state being present by the county attorney, the court set the 8th day of September, 1920, as the day on which he would sentence defendant.

Thereafter, on the 8th day of September, 1920, the said defendant, Eli Thomas, in pursuance to the order entered on the 4th day of September, 1920, was sentenced in open court, in conformity with the verdict rendered, to suffer death by electrocution in the state penitentiary on the 23d day of November, 1920.

On the said 8th day of September, 1920, Hon. E. F. Lester, judge of the said district court for LeFlore county issued a death warrant upon said judgment, which said death warrant is as follows:

"The State of Oklahoma to Frank Carter, Sheriff of Le Flore County, State of Oklahoma, and Fred Switzer, Warden of the State Penitentiary, located at McAlester, Oklahoma:

"Whereas, the above-named defendant, Eli Thomas, being charged by information in the district court of Le Flore county, State of Oklahoma, with the crime of murder and having been at the regular August, 1920, term of said court duly tried and convicted upon said charge on the 3d day of September, 1920; and

"Whereas, upon such trial and conviction a judgment was rendered by the said court in said cause on

the 8th day of September, 1920, a certified copy of which is hereto attached and, marked 'Exhibit A,' that the defendant, Eli Thomas, be put to death on the 23d day of November, 1920, by electrocution within the walls of the state penitentiary located at McAlester, Okla., by the warden of the said state penitentiary, and that the said execution take place between the hours of 4 o'clock a. m. and, 4 o'clock p. m. of said day; and

"Whereas, it is further ordered, adjudged and decreed by the court in said judgment that the sheriff of Le Flore county, State of Oklahoma, within ten days from the date of said judgment, transport said Eli Thomas from the county jail of said Le Flore county, to the said penitentiary at McAlester, in said state and that the warden of said state penitentiary do closely confine and imprison said defendant within the walls of said penitentiary until the day of said execution, and that upon the day fixed therein the said warden duly and legally put to death the said defendant, Eli Thomas, by electrocution; and

"Whereas, it was further ordered and decreed by said judgment that the clerk of the district court in and for Le Flore county, state of Oklahoma, issue a warrant, directing the full execution of the said judgment and sentence against the said Eli Thomas, and that the said warden of the said state penitentiary was by said judgment directed and required to execute said warrant with dispatch and in the manner and form required by law, and see to it that the defendant, Eli Thomas, at the time and place aforesaid, be put to death by electrocution in the manner required by law; and

"Whereas, the warden of the said state penitentiary was by said judgment required and directed to give proper notice:

"Now, therefore, you, Frank Carter, sheriff of Le Flore county, state of Oklahoma, are hereby commanded to transport said defendant, Eli Thomas, from the county jail of Le Flore county, state of Oklahoma, within ten days from this date to the state penitentiary located at McAlester, in the state of Oklahoma, and deliver him, the said Eli Thomas, to the said Fred Switzer, warden of the said state penitentiary, and make due return of your action, and herein fail not; and

"You, Fred Switzer, warden of the said state penitentiary, are hereby commanded to accept the said defendant, Eli Thomas, from the sheriff aforesaid, and to closely confine and imprison the said defendant within the walls of the said state penitentiary until the 23d day of November, 1920, between the hours of 4 o'clock a. m. and 4 o'clock p. m. of said day, and upon said last-mentioned date and within the hours herein specified, you are hereby expressly commanded to put to death the said defendant, Eli Thomas, by electrocution within the walls of the state penitentiary, at McAlester, state of Oklahoma, in the manner and form provided by law.

"And, you, the said Fred Switzer, are hereby further commanded to make a report upon this warrant after the electrocution of the defendant, Eli Thomas, showing the time, mode and manner in which this warrant has been executed, and in the manner and form as required by law.

"In witness whereof, I have hereunto set my hand and caused the seal of the said district court to be affixed hereto, this the 8th day of September, 1920.

"(Seal) E. L. LESTER, *District Judge.*

"Attest: H. S. PILGREEN, *Court Clerk,*

"By C. T. BENNETT, *Deputy.*"

At the time of the rendition of the judgment, no

appeal from the same having been taken by defendant to this court, the trial court also made an order that copies' of the information, · evidence, instructions of the court, verdict, judgment, and sentence and death warrant be forwarded to the Governor and Criminal Court of Appeals of the state of Oklahoma at once.

It is also to be noted that the transcript of the record before this court is properly certified to by H. S. Pilgreen, the court clerk of said Le Flore county, Okla., and in addition thereto, there appears a certificate of Hon. E. F. Lester, district judge, that the record also contains a complete and correct transcript of the evidence and other proceedings in the case.

While no motion for a new trial or in arrest of judgment was interposed in behalf of defendant in this case, the statute (section 5988, Revised Laws 1910) provides that appeals to this court may be taken by defendant as a matter of right from any judgment rendered against him, and, construing said statute, this court has in numerous cases held that the appeal in a criminal cause lies from the final judgment rendered against defendant, and not from any intermediate order or ruling of the trial court made during the progress of the trial.

An appeal in a criminal case is taken by filing in this court, with petition in error attached, either a duly certified case-made, or a duly authenticated transcript of the record. An appeal in a felony case may be taken at any time within six months after the rendition of the judgment. Section 5991, Revised Laws 1910.

The appeal may be taken by the service of the no-

tices on the clerk of the court and prosecuting attorney, as provided in section 5992, Revised Laws 1910, or else by the issuance and service of summons in error, or a waiver of the same, as provided in section 5997, Revised Laws 1910.

While no order of the trial court was made in this cause granting defendant time beyond the 15 days allowed by statute in which to prepare and serve a case-made for appeal, the Legislature has made a further provision (section 5246, Revised Laws 1910), which in part is as follows:

"In case of accident or misfortune which could not reasonably have been avoided by the party appealing, the said court or judge, upon notice to the adverse party, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, * * * within which an appeal or proceeding in error may be begun in the appellate court."

It is apparent, therefore, from the foregoing statutory provisions that in this case defendant has six months within which to file an appeal in this court from the judgment of death rendered against him in this cause. Such an appeal may be taken by merely filing a duly authenticated transcript of record proper, to which is attached a petition in error. The judgment of conviction was rendered against him on the 8th day of September, 1920. The defendant, therefore, would have until the 8th day of March, 1921, in which to perfect such an appeal.

Furthermore, upon proper showing to the trial court of accident or misfortune preventing him from preparing and serving a case-made within the 15 days' time al-

lowed by statute, the trial court or judge could yet after proper notice to the adverse party, make a suitable order allowing defendant time within which to prepare and serve a case-made, and he would then have, if such order should be made, until the 8th day of March, 1921, to file an appeal by case-made and petition in error in this court.

In the case of *Noel v. State,* 17 Okla. Cr. 308, 188 Pac. 688, it is held:

"The right of appeal is a constitutional right, and counsel appointed by the court to defend an indigent defendant fails to fulfill his duty as an attorney when he neglects to take an appeal from a judgment and sentence of death."

And in *Hutchins v. State,* 13 Okla. Cr. 717, 167 Pac. 338, this court also said:

"Under the Constitution and laws of this state an appeal may be taken by the defendant as a matter of right from a judgment of conviction in a criminal prosecution against him, and he is entitled to have this court review the proceedings had upon his trial and conviction when such appeal is taken according to law. Every citizen should feel and know that under our Constitution and laws there is no one so rich and powerful as to be above the just penalties of the law, and none so poor and helpless as to be beneath its complete protection."

Section 2, chapter 113, Session Laws 1913, amendatory of section 26, article 15, chapter 68, Statutes of Oklahoma 1893, provides as follows:

"When judgment of death is rendered, the judge must sign and deliver to the sheriff of the county a warrant duly attested by the clerk, under the seal of the court, stating the conviction and judgment and ap-

pointing a day on which the judgment is to be executed, which must be not less than sixty nor more than ninety days from the time of the judgment and must direct the sheriff to deliver the defendant within ten days from the time of judgment to the warden of the state prison at McAlester, in this state, for execution."

It will be noticed that the last above quoted statutory provision requires the trial judge to appoint a day on which the judgment of death is to be executed, which must not be less than 60 nor more than 90 days from the time of the rendition of the judgment. The trial judge has no discretion to appoint a day beyond the ninetieth day from the rendition of the judgment upon which the death sentence shall be carried into effect. The maximum period allowed the trial judge is therefore at least 90 days less than the time allowed by law in which a defendant may exercise his constitutional right of appeal to this court, and if a defendant, convicted and sentenced to suffer death, should be executed prior to the time allowed by statute within which he may appeal to this court, he could thereby be deprived of the review of certain questions of law by this court which could properly be raised in an appealed case and not subject to review in an advisory opinion to the Governor.

In *Opinion of the Judges,* 3 Okla. Cr. 315, 105 Pac. 684, it is said:

"If the appeal had been perfected, the cause would properly be before this court upon a petition in error with authority to review the same upon the assignments of error or to determine upon the whole cause whether the verdict was against the weight of the evidence or contrary to law, and, if upon such review we were of

opinion that justice required a new trial, we would reverse the judgment, but the impropriety of an unauthorized expression of opinion by a judge or the judges of this court, especially upon a matter that may subsequently come before the court for adjudication, is obvious. Any opinion expressed in a proceeding of this kind is manifestly extrajudicial. As we view it the statute contemplates an advisory opinion, where an appeal has not been taken in a capital case, and where the death penalty has been assessed. The proposition then presented would be: Has there been an observance of all the formalities of law essential to the taking of human life? Or has the trial, conviction, and sentence of death been in accordance with the law of the land?"

Also in *Opinion of the Judges,* 8 Okla. Cr. 467, 128 Pac. 734, it is said:

"As we understand the law this provision of the statute contemplates that an advisory opinion of the judges may be given to the Governor, where an appeal has not been taken from a judgment and sentence of death. But we think it would be improper for the judges to express any opinion in an ex parte proceeding as to the rights of a defendant which may afterwards be brought before them by appeal, where all parties interested would be represented. To pass upon such questions in advance of an appeal would be to deprive a defendant of his constitutional right to be heard in his own behalf. The time for taking an appeal in this case has not expired, and we have no legal information that the defendant has in any manner waived his right to take an appeal."

In view of the fact, therefore, that the statutory time for taking an appeal in this case has not expired, we deem our duty in the premises in giving an advisory opinion to your Excellency to limit the same only to pass upon the following questions:

"Has there been an observance of all the formalities of law essential to the taking of human life? Has the trial, conviction and sentence of death been in accordance with the law of the land?"

A careful review and consideration of the information, the plea of defendant, the minutes of the trial, the instructions given, the verdict returned and the judgment and sentence convinces this court that the above questions must each be answered in the affirmative. We note, however, an irregularity in the judgment and death warrant in this case, which we do not consider sufficient to invalidate the same. The trial court in the judgment and death warrant fixed the time of the execution of the sentence to be on the 23d day of November, 1920, between the hours of 4 o'clock a. m. and 4 o'clock p, m., while the statute only permits the trial court to fix the day upon which the sentence of death shall be carried into execution. In our opinion, the hour on that day at which the sentence shall be executed has been left by the Legislature to the discretion of the warden of the penitentiary.

Section 5970, Revised Laws 1910, in part provides:

"No judge, court or officer other than the Governor can reprieve or suspend the execution of a judgment of death, * * * unless a writ of error is allowed and taken."

Under the present status of this case, and until an appeal from the judgment of conviction is taken, the Governor has sole power to reprieve or suspend the execution of the death sentence pronounced against this defendant until such time as an appeal may be perfected, or until a day beyond the time provided by statute in which an appeal may be taken, towwit, six months from the rendition of the judgment. It is a matter entirely

discretionary with you to grant such a reprieve or suspension of this sentence in order to permit the defendant, if he should hereafter see fit to do so, to take an appeal from this judgment. In order that he may have ample opportunity to perfect such an appeal before the date now set for his execution, we have given this matter our immediate attention. However, should such an appeal not be taken prior to the 23rd day of November, 1920, it would still be within your power and discretion to grant him a further reprieve or suspension of sentence for that purpose, the defendant having under the statutes until the 8th day of March, 1921, within which to perfect such an appeal.

DOYLE, P. J., and ARMSTRONG, J., concur.