## H. B. HOUSER v. STATE.

No. A-4930. Opinion Filed March 1, 1924.
(223 Pac. 409.)

(Syllabus.)

1. **Appeal and Error—Appeals from Final Judgment Against Defendant.** Appeals to the Criminal Court of Appeals are from the final judgment against the defendant.

2. **Same—Intermediate Orders Reviewable only in Appeals from Final Judgment.** There is no statute allowing an appeal from any intermediate order made in the progress of the case. Any decision of the court or intermediate order made in the progress of the case is reviewable by this court in appeals taken from the final judgment itself.

3. **Same—Appeal from Intermediate Order Before Final Judgment Dismissed.** Where the appeal is from an intermediate order only, before the rendition of final judgment in the action, this court has no jurisdiciton to review the same, and the appeal will be dismissed.

Appeal from County Court, Kay County; J. L. Roberson, Judge.

H. B. Houser and others were informed against for the unlawful possession of intoxicating liquor, and, from an order denying his motion to return property alleged unlawfully received under a void search warrant, the named defendant appeals. Dismissed.

Sargent & Ross, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

MATSON, P. J. On the 27th day of August, 1923, the county attorney of Kay county filed in the county court of

said county an information charging H. B. Houser, A. Houser, Clen Denning, and C. E. Mills jointly with the unlawful possession of certain intoxicating liquor, including whisky and Jamaica ginger. Thereafter the said defendants appeared in person and by counsel and were duly arraigned and entered a plea of not guilty to the charge.

On the 17th day of October, 1923, H. B. Houser filed in said cause a motion for the return of certain property alleged to have been unlawfully seized under a void search warrant.

On the 22d day of October, 1923, the cause was heard on the motion of the defendant H. B. Houser to return such property, and certain evidence was introduced in support of the motion. The motion was denied and excepted to by the appellant herein, and an appeal prayed to this court from the order of the court denying said motion. An order was made allowing said appeal and notices of appeal served and other steps taken as provided for appeals from a final judgment in a criminal cause.

On the 23d day of January, 1924, the Attorney General filed a motion to dismiss the appeal for the reason that this is an attempted appeal from the intermediate order of the trial court and that no final judgment has ever been rendered in said cause.

We presume the purpose of this, an attempted appeal from an intermediate order of the trial court in the prosecution against this defendant and others, is to determine before the trial the question of admissibility in evidence against them of certain liquors alleged to have been seized under an invalid search warrant.

In Gore v. State, 24 Okla. Cr. 394, 218 Pac. 545, this court held that articles obtained by an illegal search and

seizure were inadmissible in evidence against the defendant where timely objection to their introduction was interposed, and the judgment of conviction in the Gore Case was reversed because of the erroneous admission of evidence obtained by reason of an illegal search.

Section 2805, Compiled Statutes 1921, provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

The plain intent of the foregoing statutory provision is to allow to a defendant in a criminal cause an appeal from the final judgment rendered against him, and, upon such an appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed. The foregoing is the only statutory provision allowing appeals to defendants in criminal causes.

In Merrill v. State, 11 Okla. Cr. 278, 145 Pac. 1109, it was held by this court that there is no statute authorizing an appeal from an order denying a motion for a new trial except as incidental to an appeal from a judgment of conviction. The same rule is applicable to any other intermediate order made during the progress of a criminal cause such as the order here attempted to be appealed from.

For the reason that no final judgment has ever been rendered in this cause and the action of the trial court relative to the order here appealed from may be reviewed by this court should the trial result in a conviction and final judgment against this defendant, the appeal is dismissed, as no jurisdiction is lodged in this court to consider the matter

on the merits in a proceeding of this kind. Merrill v. State, supra; In re Opinion of the Judges, 18 Okla. Cr. 20, 192 Pac. 597.

BESSEY and DOYLE, JJ., concur.