## LAMB v. STATE.

No. A-11272. June 7, 1950.

(219 P. 2d 256.)

Paul W. Updegraff and Harry G. Foreman, Norman, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, J.  Plaintiff in error, Millard Lee Lamb, defendant below, was charged in the justice of the peace court of Cleveland county, Okla., with the offense of driving an automobile without a driver's license.  Title 47 O.S.A. 1941 §§ 274, 310.  The defendant pleaded guilty, his plea was accepted and he was fined the sum of $10 and costs in the sum of $9.50, which said fine and costs the defendant paid.  Upon the payment of the judgment rendered against him together with the costs the judgment and sentence rendered against him became satisfied, and completely discharged.

This appeal is predicated upon the fact that included in the costs taxed against the defendant was the sum of $1.

The aforesaid sum of $1 was assessed and sought to be collected under the provisions of House Bill 492, Session Laws 1949, page 384, 57 O.S. Supp. § 361 et seq., as all other court costs, and to be transmitted quarter-annually to the State Treasurer "who shall deposit the same in a special fund designated as 'The Parole Fund' " of the Pardon and Parole Board in defraying salaries and expenses of the Pardon and Parole Officer and his assistants. After paying the sum of $1, as in said act provided, the defendant filed his motion in the justice of the peace court to reassess the costs. The justice of the peace overruled said motion and thereupon the matter was appealed to the district court with like result and thereafter this appeal was taken to this court. In said appeal the defendant contends that the attempt of the Legislature to make and collect said cost assessment as provided in House Bill 492, Session Laws 1949, page 384, is unconstitutional and void, and the trial court erred in overruling his motion to reassess the costs. The procedure invoked, with which to raise this question on appeal, is predicated entirely upon the provisions of the Civil Code, a well recognized remedy in civil cases. Title 12 O.S.A. 1941 § 953; Caldwell v. Traub, 172 Okla. 12, 43 P. 2d 1047, all of which is inapplicable herein. However, it is well known that proceedings in civil and criminal actions are governed by different code provisions.

Under the Criminal Code there is no procedure provided or recognized for retaxing the costs in a criminal case, or appeal from an order of the trial court overruling the defendant's motion so to do, as was employed

herein. The only method or procedure provided for taking an appeal to the Criminal Court of Appeals is that provided under Title 22 O.S.A. 1941 § 1051, by which litigants and this court are bound, it reads as follows, to wit:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

This section has been construed to permit appeals only from the judgment itself rendered against a defendant, and not from intermediate or ancillary orders. Settle v. State, 31 Okla. Cr. 257, 238 P. 499. In McLellan v. State, 2 Okla. Cr. 633, 637, 103 P. 876, 877, it was said:

"An appeal does not lie to this court from any ruling or order made by the trial court before final judgment is rendered and sentence has been pronounced. When a final judgment is rendered, and an appeal is taken therefrom, then any and all rulings or orders made during the trial are subject to review by this court, if properly saved by exceptions and contained in the cases-made or transcripts of the record."

See, also, In re Opinion of the Judges, 18 Okla. Cr. 20, 26, 192 P. 597, 599, wherein in part it was said:

"While no motion for a new trial or in arrest of judgment was interposed in behalf of defendant in this case, the statute (section 5988, Revised Laws 1910 [22 O.S. 1941 § 1051] ) provides that appeals to this court may be taken by defendant as a matter of right from any judgment rendered against him, and, construing said statute, this court has in numerous cases held that the appeal in a criminal cause lies from the final judgment rendered against defendant, and not from any intermediate order or ruling of the trial court made during the progress of the trial."

In Gibson v. State, 87 Okla. Cr. 260, 197 P. 2d 310, wherein the defendant sought to appeal after judgment and sentence from an order overruling his motion to withdraw a plea of guilty and for a writ of error coram nobis, this court in sustaining the trial court said:

"In the early case of Houser v. State, 26 Okla. Cr. 265, 223 P. 409, it was held:

" 'Appeals to the Criminal Court of Appeals are from the final judgment against the defendant.'

"In Merrill v. State, 11 Okla. Cr. 278, 145 P. 1109, it was held by this court that there is no statute authorizing an appeal from an order denying a motion for a new trial except as incidental to an appeal from a judgment of conviction. The same rule is applicable to any other order made during the progress of a criminal cause such as the order here attempted to be appealed from.

"The motion of the defendant to withdraw his plea of guilty made after the judgment and sentence was pronounced and the order overruling the same, was an order made in the progress of the case and such as could only be reviewed upon an appeal from the final judgment which was rendered against the accused."

It is apparent that the attempt of the defendant herein to invoke civil procedure for retaxing costs is inapplicable in criminal cases. But the defendant is certainly not without a remedy, where he avails himself of it before satisfying the judgment rendered against him.

Under the criminal procedure there are two avenues for relief available to defendant where costs are unlawfully taxed against him, one is by appeal of the entire case on the judgment rendered against the defendant which includes all intermediate and ancillary orders, as hereinbefore discussed. Title 22 O.S.A. 1941 § 1051, and the other is by habeas corpus in a proper case. Ex parte

Fowler, 85 Okla. Cr. 64, 184 P. 2d 814; Ex parte Lee, 88 Okla. Cr. 386, 203 P. 2d 720.

Under our Code of Civil Procedure one may not be imprisoned for nonpayment of costs, but under the Code of Criminal Procedure the person adjudged guilty with costs to pay, may be imprisoned for failure to pay the costs necessarily incident to the trial of a criminal action. Title 28 O.S.A. 1941 § 101, reading in part as follows, to wit:

"* * * All costs in the prosecution of all criminal actions shall in case of conviction of the defendant be adjudged a part of the penalty of the offense of which the defendant may be convicted, whether the punishment for such offense be either imprisonment, or fine, or both, and fixed either by the verdict of the jury, or judgment of the court, trying the case, and the payment of such fees and costs in addition to the payment of the fine assessed, shall be enforced by imprisonment until the same shall be satisfied, at a rate of one dollar per day of such fees and costs, or fine, or both, * * *."

See, in this connection, Ex parte Alvarado, 54 Okla. Cr. 127, 15 P. 2d 147, and cases therein cited. Hence the costs herein sought to have been collected could have been satisfied by the defendant's incarceration at the rate therein provided for or in this case for one day. Upon being taken into custody the defendant could have applied for a writ of habeas corpus wherein the constitutionality of his restraint could have been determined. Such is, however, not the situation confronting this court. The defendant has fully satisfied the judgment by payment of the fine and costs and all questions in regard thereto are now moot, because the procedure employed does not confer jurisdiction on this court to determine the issues involved. Here let us say that we do not make the law, that is a legislative function. We merely con-

strue the law as it is written. We are bound by procedural prescriptions established by the Legislature, just as we are in matters of substantive law. In fact, procedural law is most important. It provides the orderly processes by which justice is administered. It is to substantive law what the skeleton is to the human body. It provides strength, symmetry and beauty to the body of the law as does the skeleton to the human body and without it there could be no orderly administration of justice. Procedural law defines the methods by which courts can acquire jurisdiction, as well as defining the limits of jurisdiction. Before this court can act in any case, its jurisdiction must be established. The procedure adopted herein is inadequate to confer jurisdiction, and being without jurisdiction, the first fundamental prerequisite for adjudication, we are powerless to invoke the powers of this court. We had much rather have passed on the merits of the case, than to have this proceeding fail on a technicality. But not every technicality is a shadow. Some technicalities partake of substance, as herein. When such is the case, we cannot ignore them. This case presents important questions involving a fine constitutional point. Nevertheless, the procedure pursued herein confers no jurisdiction upon this court to hear and determine the issues involved. When the matter is properly brought before us, we shall be glad to pass upon the merits, and therein determine whether the cost herein assessed is a necessary incident to the administration of justice, and whether the Legislature can levy through the courts, as costs, a tax of $1 in a criminal case to pay the salaries and expenses of parole officers, an arm of the Executive Department. But until the same is properly before us, we are without authority of law to determine the issue herein involved. For all of the above

and foregoing reasons, the attempted appeal herein is dismissed.

JONES, P. J., and POWELL, J., concur.