J. C. BAKER, Plaintiff in Error,

v.

TOWN OF LEXINGTON, Defendant in Error.

No. A–12769.

Court of Criminal Appeals of Oklahoma.

Oct. 21, 1959.

Murray F. Gibbons, Purcell, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

PER CURIAM.

This is an attempted appeal by J. C. Baker, plaintiff in error, defendant below. The facts, as related by the plaintiff in error, may be substantially stated as follows: Plaintiff in error was tried and convicted in the Municipal Court of the Town of Lexington, Cleveland County, Oklahoma, on two charges: being under the influence of intoxicating liquor, and interfering with an officer in line of duty. An appeal from these convictions was perfected to the County Court of Cleveland County, Oklahoma, and set for trial on March 23, 1959. At that time the trial was continued to March 25, 1959. At that time, the County Attorney moved for another continuance, which was objected to by defendant on the ground a continuance would deprive him of his constitutional right to a speedy trial. Continuance was granted by the court and defendant moved for a dismissal for the reason he had been denied a speedy trial. This motion was overruled, and from the court's action in granting the continuance and overruling defendant's motion to dismiss, defendant appeals.

Under the provisions of 22 O.S. 1951 § 1051, an appeal to this Court may be taken subject to the following conditions:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

It is apparent from the foregoing statement of facts that this appeal is not from a judgment, but from an order intermediate to a judgment. In State ex rel. Boatman v. Payne, 97 Okl.Cr. 48, 257 P.2d 842, 847, quoting from Lamb v. State, 91 Okl.Cr. 410, 219 P.2d 256, we said:

"The only method or procedure provided for taking an appeal to the Criminal Court of Appeals is that provided · under Title 22 O.S.A.1941 § 1051, by which litigants and this court are bound, * * *."

In Lamb v. State, supra, we further said [91 Okl.Cr. 410, 219 P.2d 257]:

"This section has been construed to permit appeals only from the judgment itself rendered against a defendant, and not from intermediate or ancillary orders. Settle v. State, 31 Okl.Cr. 257, 238 P. 499. In McLellan v. State, 2 Okl.Cr. 633, 637, 103 P. 876, 877, it was said:

" 'An appeal does not lie to this court from any ruling or order made by the trial court before final judgment is rendered and sentence has been pronounced. When a final judgment is rendered, and an appeal is taken therefrom, then any and all rulings or orders made during the trial are subject to review by this court, if properly saved by exceptions and contained in the cases-made or transcripts of the record.' "

This rule is axiomatic in our criminal jurisprudence. It has been announced many times that the appeal must be from the judgment.

The appeal in this case not being from a final judgment, it is insufficient to confer jurisdiction upon the Court of Criminal Appeals and the same is accordingly dismissed.