**Alton W. WILLIAMS, Petitioner,**

**v.**

**The Honorable G. Dixie COLBERT,**
**District Judge, Respondent.**

**No. P–76–8.**

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1976.

**ORDER DECLINING TO ASSUME ORIGINAL JURISDICTION**

This is an original proceeding in which the petitioner asks this Court to assume original jurisdiction and to issue a writ of prohibition to the respondent, prohibiting him as District Judge of the District Court in and for Love County, Oklahoma, from proceeding further in Case No. CRF–75–36, wherein the petitioner, as defendant, is charged by Information with the crime of

Obtaining Public Welfare Assistance by Means of False Representations in violation of 56 O.S.Supp.1975, § 185 and directing the dismissal of the Information. The petitioner appears before this Court by his attorney of record, Burke G. Mordy, Ardmore, and respondent appears by Ronald Worthen, Dist. Atty. in and for Love County, Okl., and Bob McDonald, Asst. Atty. Gen., for the State of Okl.

After hearing statements and arguments of respective counsel and a careful examination of the record before the Court, this Court finds:

The Information charging the defendant was filed October 3, 1975; preliminary hearing was held before the Honorable Clint G. Livingston, Associate District Judge, as examining magistrate, on November 7, 1975, and defendant was bound over for trial as charged in the Information.

The defendant filed an unverified motion to quash or set aside the Information, asserting that the evidence at the preliminary hearing did not show that the crime charged in the Information, or any other crime, had been committed by the defendant. Respondent herein heard and overruled the said motion on December 19, 1975. Pending arraignment of defendant, he has, as petitioner, filed this proceeding in this Court.

■ It is well recognized, nor is it contended otherwise, that under the laws of the State of Oklahoma, a defendant does not have the right of direct appeal from an adverse ruling on a motion to quash or set aside an Information. 22 O.S.1971, § 1051 provides in applicable part as follows:

"(a) An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from *any judgment* against him, which shall be taken as herein provided; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed; . . ." [Emphasis Added]

An adverse ruling to a defendant on a motion to quash or set aside an Information is not a final order or judgment but an intermediate order made in the progress of the case and cannot be appealed from except by review after pronouncement of judgment and sentence. See *Houser v. State*, 26 Okl.Cr. 265, 223 P. 409 (1924); *Hughes v. State*, 83 Okl.Cr. 16, 172 P.2d 435 (1946) and *Hughes v. State*, 83 Okl.Cr. 23, 172 P.2d 439 (1946).

■ There being no right of appeal, should prohibition be used for such purpose? The Court's syllabus in *Walker v. Smith*, Okl.Cr., 426 P.2d 375 (1967) as follows:

"1. A Writ of Prohibition may not be used for the purpose of an appeal or proceeding in error so as to review the action of the lower court when such lower court has jurisdiction of the subject matter and of the parties, so as to correct an error of the lower court.

"2. Where the trial court has jurisdiction of the subject matter and the person of the defendant, the trial court should be permitted to proceed to judgment and any irregularities should only be reviewed on appeal."

See also *Farmer v. Sanford*, Okl.Cr., 353 P.2d 709, 712 (1960) which provides:

"Where the court has jurisdiction of the subject matter and of the person of the defendant the writ of prohibition will not lie on account of any irregularities in the action of the trial courts in such instances, but the court should be permitted to proceed to judgment and the matters complained of should be reviewed only upon appeal, when the entire testimony or transcript of the record can be brought up for consideration. It would paralyze and defeat the enforcement of criminal law if writs of prohibition were issued to correct irregularities of erroneous application of the law where the court had jurisdiction of the subject matter and of the person of defendant, writs of prohibition should not be issued

nor used for the purpose of appealing cases upon the installment plan."

The same reasoning and rule extend to writs of mandamus. *State ex rel. Fallis v. Caldwell*, Okl.Cr., 498 P.2d 426 (1972).

 Accordingly, this Court declines to assume original jurisdiction herein.

It is so ordered.

WITNESS OUR HANDS, and the Seal of this Court, this 15th day of January, 1976.

TOM BRETT
Presiding Judge,

HEZ J. BUSSEY
Judge

C. F. BLISS, Jr.
Judge